# CHARLESTON.

B. WALKER PETERSON *v.* M. M. McINTIRE *et al.*

Submitted September 18, 1923.    Decided October 9, 1923.

1. MINES AND MINERALS—*Overruling Demurrer to Bill for Accounting of Royalty Oil Held Proper.*

Equity has jurisdiction at the suit of a lessor of land for oil and gas against his lessee and a subsequent grantee of a part of the land and one-half the royalty oil, to re-

quire an accounting between the parties for the royalty oil, when the bill therefor alleges that the two wells in question are in fact located on the tract in which the plaintiff owns the whole of the royalty interest, but that said lessee had mistakenly located them on an adjoining tract in which plaintiff had a half interest reserved in the royalty only, and had without his knowledge or consent been delivering all of the royalty oil to the owner of said adjoining tract, and the demurrer to such a bill for such an accounting and for the ascertainment of the true location of such wells should be overruled. (p. 562).

2. SAME—*In Suit for Accounting for Royalty Oil, Lessee and Adverse Claimants Necessary Parties.*
   In such suit the lessee and the adverse claimants of the royalty oil are necessary parties thereto. (p. 563).

3. SAME—*Delay in Bringing Suit for Accounting for Royalty Oil Held no Defense Where Rights of Parties not Prejudiced.*
   And where there has been considerable delay on the part of the plaintiff in the institution of such suit, but there has been no change in the rights or situation of the parties, and the rights of no party have been injuriously affected by such delay, which the bill alleges was because of ignorance on the part of the plaintiff that the royalty oil from said wells had not been delivered to his credit as required by his lease to the oil company for the larger tract which included the two tracts in question, such delay will not constitute a good defense to the suit. (p. 563).

Case certified from Circuit Court, Wetzel County.

Suit by B. Walker Peterson and others against M. M. McIntire and others. The court ruled on demurrers to the original and amended bills, and certified the questions.

*Reversed in part; affirmed in part.*

*Hall & Hall,* for plaintiffs.

*Larrick & Lemon* and *A. B. Fleming, Charles Powell,* and *Kemble White, for defendants.*

MILLER, PRESIDENT:

Certain questions as to the correctness of the ruling of the circuit court on the several demurrers to the original and amended bills filed in this case have been certified to us for determination.

Similar questions arising on demurrers to plaintiffs' bill and the amended bills filed at that time in the same case were before us on a former certification by the circuit court, at which time we held that the facts therein alleged did not give a court of equity jurisdiction to decree plaintiffs the relief prayer for. *Peterson* v. *McIntire,* 91 W. Va. 451. Reference is here made to the report of that case for a statement of the facts as they appeared from the pleadings considered on the former hearing.

After our former decision was certified back to the circuit court, plaintiffs filed an amended bill, in which they allege certain facts not contained in their former bills; that both the oil wells in controversy are located on the 19.67 acre tract owned in fee by them, but that if the facts and testimony show that the said wells are located on the 65.75 acre tract, in which they are owners of one-half the royalty oil, they are still entitled to an accounting for their share of the oil produced from said wells; that they have not received any of the royalty oil from the two wells in controversy; and that the defendant South Penn Oil Company is operating the said wells under the lease made by them before their conveyance of the 65.75 acre tract to the grantor of the defendant McIntire, and when they were owners of both of the said tracts, and that neither the said McIntire nor any other person has at any time executed to the defendant oil company a lease for the said tract of 65.75 acres.

From the answer of the Eureka Pipe Line Company to the original bill it appeared that one I. D. Morgan was receiving one-fourth of the royalty oil from the two wells in question. He was made a party to this cause by one of the former amended bills. In their present bill plaintiffs allege that since the filing of the former amended bill said Morgan has departed this life, and make his only heirs and devisees defendants thereto and ask to have the suit revived in their names.

The circuit court sustained the demurrers of Mrs. McIntire and the Morgans to the present amended bill, but with leave to plaintiffs to amend their bill if they so desired, and overruled the demurrer of the South Penn Oil Company.

The questions before us for determination are: (1) Has a court of equity jurisdiction to determine the questions raised

by the pleadings, or have plaintiffs a complete and adequate remedy at law? (2) Are the defendants McIntire and the Morgans necessary parties to the cause? and (3) Were plaintiffs guilty of laches?

The contention of the defendants McIntire and the Morgans is that the real matter in controversy in this suit is the ownership of the land on which the wells are situated and that equity does not have jurisdiction to try titles to land and determine disputed boundary lines. In this case plaintiffs' claim does not wholly depend on the location of the boundary line between the two tracts of land. In case the proof shows the wells to be located on the 65.75 acre tract, plaintiffs are entitled to one-half the royalty oil taken from that tract, if the allegations in their bill and the deeds exhibited therewith are to be taken as true. This alone would give them right to an accounting for the oil produced from the land. There is no contest as to the title to any part of the 65.75 acre tract. It is described by monuments, metes and bounds, as is the 19.67 acre tract. The smaller tract is alleged to be unenclosed, unimproved wood land. No facts are disclosed by the pleadings showing that defendants make any claim to the wells. By their demurrers they question the right of plaintiffs to maintain a suit in equity for the relief prayed for. The oil company has a single lease covering both tracts; and it is not unlikely that it was mistaken in the location of the boundary line between the two tracts when the wells were drilled and marked "McIntire No. 4" and "McIntire No. 5." Indeed its answer, if that could be considered on demurrer, so alleges. A survey of the land will determine on which tract the wells are located. *Warren* v. *Boggs,* 83 W. Va. 89. In *Peterson* v. *Hall,* 57 W. Va. 535, a case evidently arising under the same lease as the one involved in this case, and where the facts were the same except that the land in controversy in that case was sold for taxes in the name of Peterson's grantee and the purchaser at the tax sale executed a new lease to the oil company, this court held that equity had jurisdiction; but Peterson was denied relief on the ground that he lost all his rights when the land was sold for taxes, no operation for oil having been commenced at the time of the

sale.   The question of the inadequacy of plaintiff's remedy at law is fully discussed in the opinion in that case.

The next question for consideration is whether the defendants McIntire and the Morgans are necessary parties to this suit.   We are of opinion that they are.   Mrs. McIntire is the owner of the 65.75 acre tract of land and of that part of the one-half royalty interest not assigned to the ancestor of the Morgans.   She and the Morgans are alleged to have been credited with all the royalty oil from the two wells, and it must be inferred that it was sold for them and that they received the proceeds thereof.   The general rule is that all persons materially interested in the subject matter involved in the suit who may be bound by a decree therein, should be made parties.   See 10 Enc. Dig. Va. & W. Va. Rep. 736, and cases there cited.   The subject matter involved in this suit is the oil now held by the operating company under the temporary injunction granted on the bill, the oil to be produced later, and the proceeds from the oil already produced and sold.   Clearly all the defendants named are interested in this.   Though the oil company may be made to account to plaintiffs for the proceeds of the oil sold, Mrs. McIntire and the Morgans are interested in the disposition of the oil now held and that to be produced; and should the oil company be found to have wrongfully delivered to the other defendants the royalty oil produced and sold and be required to account to plaintiffs for the same, may not the oil company recover from its co-defendants for the oil delivered to them by mistake?   If the wells are on the McIntire land, Mrs. McIntire and the Morgans have a property right in the oil as soon as it is lifted from the ground; and any decree in this cause will affect their rights.

Were plaintiffs guilty of unreasonable or unexcusable delay in bringing their suit, or of delay that was prejudicial to any of the parties defendant?   Plaintiffs allege that they did not know of the location of the two wells until a short time before the institution of this suit, when they had a survey made of the 19.67 acre tract preparatory to making sale thereof.   They aver that they lived in Wheeling, some distance from the land in controversy; that the land was unenclosed, uncultivated wood land; and that they did not know

that the defendant South Penn Oil Company was not delivering into the pipe lines for them all oil covered by their lease and produced from their lands until the time of the survey of the 19.67 acre tract. From the averments of the bill we can not say that plaintiffs were guilty of laches. To constitute laches delay in bringing suit must work a disadvantage to another. The reason given for the doctrine of laches is that lapse of time often makes it impossible to ascertain all the evidence necessary for the determination of the questions in controversy. Here that does not exist. The facts, so far as shown by the bills, are the same now as they were when the first royalty oil was delivered to the credit of Mrs. McIntire and the Morgans, except as to the amount of the oil, and the oil company from its records can ascertain to a certainty the amount of oil produced from the two wells in question. And so far as the bills shows the parties interested were the same at the institution of the suit as those who received the first royalty oil from the two wells. From the facts alleged in the bills we are of opinion that plaintiffs' delay in bringing suit has prejudiced no one. See Enc. Dig. Va. & W. Va. Rep. Sup. Vol. 4, pp. 210-211, and cases there cited.

For the foregoing reasons we are of opinion to reverse the rulings of the circuit court in sustaining the demurrers of the defendants McIntire and the Morgans to the plaintiffs bill, but to affirm its ruling in overruling the demurrer of the South Penn Oil Company.

*Reversed in part; Affirmed in part.*