# CHARLESTON.

## W. W. BLAKE *v.* J. W. R. BLAKE.

## (C. C. 320.)

Submitted January 20, 1925.     Decided January 27, 1925.

1. EQUITY—*Under General Prayer, Plaintiff is Entitled to Relief Which Material Facts Put in Issue by Bill Will Sustain.*

    Under the general prayer, the plaintiff is entitled to any relief which the material facts and circumstances put in issue by the bill will sustain, when such relief is not inconsistent with the specific prayer of the bill. (p. 349.)

    (Equity, 21 C. J. §858.)

2. SPECIFIC PERFORMANCE—*Equity Will Enforce Specific Performance of Parol Agreement to Execute Deed of Trust, Where Plaintiff has Advanced Money to Discharge Prior Deed.*

    Courts of equity will, in a proper case, enforce a parol agreement to execute a note and deed of trust, where the plaintiff has, in pursuance of such agreement, advanced money to satisfy and discharge a prior deed of trust on the property on which he seeks a lien. (p. 349).

    (Mortgages, 27 Cyc. p. 985. Specific Performance, 33 Cyc. p. 689.)

3. SAME—*Delay of Ten Years to Sue to Establish Lien on Land for Money Lent Owner Held not to Constitute Laches.*

    Where the facts and circumstances pleaded show a good, excuse for delay in bringing suit and that plaintiff has at no time abandoned his claim, and it appears that the delay has not injured defendant or prejudiced his defense to the suit, laches will not be a bar to such suit on demurrer to the bill. (p. 351).

    (Specific Performance, 36 Cyc. pp. 729, 730.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Marshall County.

Suit by W. W. Blake against J. W. R. Blake. After overruling demurrer to plaintiff's bill, trial court certified correctness of its rulings on questions presented.

*Affirmed.*

*J. C. Simpson,* for plaintiff.

*A. L. Hooton* and *J. Howard Holt,* for defendant.

MILLER, JUDGE:

The circuit court overruled defendant's demurrer to the bill filed in this cause, and, on the motion of the parties, has certified to this court the correctness of its rulings on the questions presented.

The bill alleges that on April 2, 1903, defendant purchased from one Walton a tract of sixty-six acres of land, and on the same day executed to G. W. Bowers, Trustee, a deed of trust on the land so purchased, to secure to said Walton the payment of nine negotiable promissory notes, for the sum of one hundred dollars each, the last note falling due April 2, 1912. Later, Walton assigned the said notes to Lindsey Burley, and directed that the sums of money evidenced by the notes be paid to Burley.

It is alleged that defendant failed to pay the notes executed to Walton, and that after the last note became due, the holder thereof requested the trustee in the deed of trust to sell the sixty-six acres of land in satisfaction of the lien thereon; that defendant then requested plaintiff, his brother, to lend him a sufficient sum to pay off the amount due on the notes, agreeing to give plaintiff a note for the amount advanced by him, and to execute a deed of trust on the said land to secure him; and that defendant induced plaintiff to sell his undivided interest in the estate of which his father died seized, and to apply the proceeds therefrom to the payment of the Walton notes. Plaintiff alleges that, on April 22, 1913, he paid to S. E. Mason, agent for defendant, the sum of $650.00, receiving the following receipt: "Received of W. W. Blake six hundred and fifty dollars, ($650.00) to pay off the M. A. Walton deed of trust at Cameron Bank, the same being held by Lindsey Burley." Signed, "S. E. Mason." It is also alleged that afterwards plaintiff advanced to defendant sums aggregating $219.00, which he was informed was to be applied to the payment of debts against the same property. Plaintiff further alleges that he was "inexperienced in business matters and intellectually weak, and wholly relied upon his brother to carry out said agreements, and to give him the notes and security promised to be given

him for the money so advanced to pay off and discharge said trust lien and indebtedness; that complainant upon several occasions since advancing the funds as hereinbefore shown, has requested his brother to give him the notes and security promised to him, but that the said J. W. R. Blake has at all times promised to comply with his agreement, but neglected and refused to give to complainant the note and security so promised;'' that ''within the past year this! complainant has requested his brother to comply with his said promises and to give him the note for the sum of money so advanced for his use and benefit, together with the security promised, but his brother promising to carry out his said agreement, refused and neglected to comply with said agreement.''

It is alleged that Walton released the deed of trust given to secure the purchase money notes; and that, in March, 1921, defendant executed another deed of trust on the same property to secure his indebtedness to the Bank of Cameron, and that said trust lien has not been released.

The prayer of the bill is that the sums of money advanced by plaintiff to defendant be decreed to be a lien upon the sixty-six acres of land, and that the same be sold to pay off and discharge said lien, or in the event the court holds that the same is not a lien on the land, that defendant be held to hold the sums of money so advanced for the benefit and use of plaintiff, as trustee for him, and that he may have a decree for the amount advanced with interest; and the bill prays for ''such other and further relief as the court may deem proper and equitable in the premises.''

Plaintiff's theory of a trust is not consistent with the allegations of his bill. The money paid for defendant was a loan to him. The bill clearly sets out the purpose for which it was to be used, as understood by plaintiff. Plaintiff only asked for a note as evidence of the debt to him, and for security for the same. The money was applied as he understood it would be, and in accordance with the agreement between the parties.

We find that, in a number of jurisdictions, where one pays off a mortgage or other lien on real property, in pursuance of an agreement that he is to have the benefit of the lien so

satisfied, or that a new lien will be given' him on the same property, he is subrogated to the rights of the original mortgagee, or has a lien on the property' so released, from the time he makes the payment. And this is so, though the plaintiff has no interest in the subject matter of the prior mortgage and was under no obligation to discharge it. *Emmert* v. *Thompson*, (Minn.), 32 Am. St. Rep. 566; *Wilton* v. *Mayberry*, (Wis.), 17 Am. St. Rep. 193; *Johnson* v. *Barrett*, (Ind.), 10 Am. St. Rep. 83; *Baker* v. *Baker*, (S. D.), 39 Am. St. Rep. 776; *Sprague* v. *Cochran*, 144 N. Y. 104; 2 Jones on Mortgages, (7th ed.), §874b, and cases cited. But the present bill shows that the legal title to the property in question is now in the trustee in a deed of trust to secure defendant's indebtedness to the Bank of Cameron, and neither the trustee nor the bank are made parties to the suit; so that a sale of the land could not now be decreed.

But we are of opinion that the facts alleged in this bill entitle plaintiff to specific performance of his contract; that he is entitled to a note and deed of trust, as promised by defendant; though the bill contains no specific prayer for such relief. What is the effect for a prayer for general relief? In this state and in Virginia there is ample authority for the proposition that, under the general prayer, the plaintiff is entitled to any relief which the material facts and circumstances put in issue by the bill will sustain. *James* v. *Bird*, 8 Leigh, 510; 5 Enc. Dig. Va. & W. Va. Rep. 133-134, and cases cited. But such relief must be consistent with the relief prayed for. *Brown* v. *Wylie*, 2 W. Va. 502; *Hall* v. *Pierce*, 4 W. Va. 107, 113; *DeCamp* v. *Carnahan*, 26 W. Va. 839, 842; 5 Enc. Dig. Va. & W. Va. Rep. 134. The effect of plaintiff's prayer is for security for the money advanced to defendant. To give him specific performance of the contract alleged would satisfy his demand. This would be consistent with the prayer to have the lien declared and the land sold. It would partially satisfy the prayer, by establishing the lien.

Can a court of equity decree specific performance of a parol contract to execute a deed of trust and note, when the contract has been fully complied with on the part of the plain-

tiff by advancing money to discharge a prior deed of trust securing defendant's indebtedness? That courts of equity will enforce a contract to execute a mortgage or deed of trust, in a proper case, seems to be well settled. 6 Page on Contracts, §3341; 3 Williston on Contracts, §1421; 5 Pom. Equity Jur. (2nd ed.) 2175; 25 R. C. L. 288; 27 Cyc. 985; and the cases cited and relied on to support the texts cited. This relief is given for the reason that the creditor was not willing to rely on the personal security of the debtor; and if specific performance were denied, and the creditor left to his action at law, he would be obliged to rely upon the personal liability of the debtor in spite of the terms of the contract, which many times would not answer the justice of the case. And in this case plaintiff has been deprived of evidence of the debt due him, the note promised to be executed, which would be an embarrassment in bringing a suit at law. No doubt the advancements were made upon the promise that they would be secured by the deed of trust, and it is to be presumed that if plaintiff had considered the personal security sufficient, he would not have demanded other and safer security. Plaintiff's rights under the contract alleged would not be satisfied by a judgment for the money advanced with interest; his demand is for security, to enable him to get back the money loaned defendant. He did not purchase the land; he only made a loan of the money advanced. There is no proceeding at law which can give him security for the debt due him. Equity alone can take cognizance of such a case and do justice between the parties. We are of opinion that this is a case calling for specific performance of the contract pleaded and relied on for relief.

But has there been such performance by the parties, or either of them, that a court of equity will enforce the parol contract relied on. Plaintiff has fully complied with the contract. Pursuant to the agreement he advanced the money to pay off the former deed of trust. And nothing remained to be done by defendant except to execute the note and deed of trust to plaintiff. It is true that performance on the part of one party will not in all cases be sufficient to take a parol contract out of the statute of frauds. But this case is not the

same as where one pays the full purchase price for land, and the vendor refuses performance, where it is said the purchaser may by an action at law recover the sum paid. Here, defendant's failure to perform is in the nature of a fraud on plaintiff. It is alleged that defendant induced plaintiff to sell his undivided interest in his father's estate, and that it was the proceeds of this sale which was used to pay off the lien on defendant's land. Defendant accepted all the benefits of the alleged contract; had the lien against his property satisfied and released; and then, in violation of plaintiff's rights under the contract, executed a subsequent deed of trust on the same property for the purpose of securing another loan, all the time promising to comply with his contract to give plaintiff a note and deed of trust. Defendant's repeated promises conclusively show that he has not attempted to repudiate the contract; he has simply delayed performance, perhaps for the very purpose that he might secure other loans on the land. He has impliedly acquiesced in the terms of the contract, for it is alleged that within a year of the time the suit was brought, he gave further assurance that he would execute the note and deed of trust. So far as the pleadings show, all the terms of the contract have been complied with except the execution of the note and deed of trust. While the question raised does not seem to have been decided in this state, we find good authority for the proposition that a court of equity will decree specific performance of an oral contract to give a mortgage upon land, where the contract has been executed upon the part of the plaintiff. *Dean v. Anderson,* 34 N. J. Eq. 496; *Sprague v. Cochran,* 144 N. Y. 104; *Clark v. Van Cleef,* 75 N. J. Eq. 152; *Howard v. Cave,* 162 Iowa, 506; 5 Pom. Eq. Jur. (2nd ed.) § 2175; 1 Jones on Mortgages, (7th ed.) §164. In view of the facts alleged in the bill and the authorities examined on this question, we think specific performance of the contract pleaded should not be denied plaintiff on the plea of the statute of frauds.

It is said that plaintiff has been guilty of laches. Laches has been defined to be such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right; or

such delay as works a disadvantage to another.    9 Enc. Dig. Va. & W. Va. Rep. 94; Id. Cum. Sup. Vol. 4, p. 210; *Peterson* v. *McIntire,* 94 W. Va. 559.    Any excuse for delay that takes hold of the conscience of the chancellor, and makes it inequitable to interpose the bar, is sufficient.    *Berry* v. *Wiedman,* 40 W. Va. 36.    Here plaintiff's repeated demands for performance of the contract conclusively shows that he has not abandoned his claim.    In what way has delay injured defendant?    He has been benefitted by having his land all these years free of any recorded lien against it, which has enabled him to borrow more money with the land as security, in violation of plaintiff's rights.    The burden will be on plaintiff to prove the contract; and if there has been any loss of evidence, it will most likely be to the disadvantage of plaintiff, not the defendant.    There has been no change in the parties interested, so far as the bill shows.    We think the facts and circumstances pleaded excuse plaintiff's delay in bringing suit.

The order of the lower court overruling defendant's demurrer will be affirmed.

*Ruling affirmed.*