D. W. KING *et al.* v. WARREN W. PARHAM *et al.*

(No. 7058)

Submitted September 8, 1931. Decided September 15, 1931.

*Davis, Painter & Silverstein,* and *Herman A. Hundt* and
*A. E. Bryant,* for appellants.
*Edmund Lee Jones,* for appellees.

LITZ, PRESIDENT:

This suit was instituted May 11, 1928, to set aside, as a
preference in favor of Arthur W. Acres, a deed to him from
Warren W. Parham and wife dated May 1, 1928, conveying
the residence property of Parham in the city of Wheeling,
West Virginia; to set aside a deed of the same date from
Acres and wife to Wheeling Bank & Trust Company of
Wheeling, a corporation, and Central Trust Company of
Charleston, West Virginia, a corporation, trustee, conveying
the property, to secure the payment of a note bearing even
date therewith signed by Acres as maker, and payable to
bearer at the office of the Central Trust Company, for $7,-
595.60; to establish an equitable lien upon the real estate in
favor of the plaintiffs, D. W. King and C. C. King; and to
sell the property in satisfaction of the alleged lien.

The original bill, filed at August Rules, 1928, named, as
defendants, Parham and Acres and their wives, Community
Savings & Loan Company, a corporation, B. S. Honecker,
trustee, Wheeling Bank & Trust Company and Union Mort-
gage Company, a corporation, (now called Union Mortgage
Investment Company.) Acres having died, a bill of
revivor was filed at December Rules 1929, naming as an ad-
ditional party defendant, his widow, Bessie K. Acres, as exe-
cutrix of his estate.

January 16, 1928, the plaintiffs, for the accommodation of
Parham, endorsed his note of that date payable to plaintiff,
D. W. King, at Peoples Saving & Trust Company of Pitts-
burg, Pennsylvania, sixty days after date, for $4,700.00

(which was immediately discounted by Parham), upon his representation that he would apply the proceeds thereof to the payment of a trust deed held by the Community Savings & Loan Company on his residence in Wheeling, and would promptly execute a trust deed upon said property to save them harmless as such endorsers. Parham executed and delivered to the plaintiffs at the time a memorandum, as follows:

> "This is to certify that I, W. W. Parham, 210 Riley Law Building, Residence 134 Washington Avenue, Chantal Court, Wheeling, West Virginia, is to furnish immediately, as quick as can be prepared, a Deed of Trust, on Real and Personal property, in security of a loan of $4700.00, executed this date, January 16, 1928, to D. W. King, 1110 Keystone Bldg., Clarence C. King, 1110 Keystone Bldg.
> If unforeseen accident should occur between time of receipt of Deed of Trust, then this paper will be legal tender for collection of the above loan."

Failing to execute the deed of trust as promised, plaintiffs called Parham by telephone several times, threatening to take action against him if he did not promptly comply with his agreement to do so. Parham having promised the plaintiffs on each occasion to promptly execute the trust deed or pay the note, on or about March 15, 1928, wrote them:

> "I just want to inform you both that I am still working on the matter of getting that in, and from the way things lay now it will not be very long.
> We are selling the house and lot and have turned over our list of clients to my attorney for collection of accounts due us, so that things should be closed up very shortly for settling up everything we have. We are losing from $3,000 to $4,000 by doing it though, but this Valley has been in such a financial distress * * *.
> Further, we are making arrangements to settle up as quickly as possible, and for you boys to start anything it would have a tendency to interfere with our arrangements.
> I want you to feel that it will be coming in within the very near future with interest, and too

> if I should pass out there would be sufficient funds coming from the institution of Life Insurance to settle up everything.
>
> Expect to be in your city as soon as get it together, and will hot foot° it up there with the roll, and in the meantime * * *.''  ·

After receiving this letter, plaintiffs do not seem to have communicated further with Parham before instituting suit. The lis pendens, filed on the date of the suit, does not set up an equitable lien on the property in favor of plaintiffs by virtue of the promise of Parham to execute a trust deed for their benefit; and is, therefore, insufficient as constructive notice thereof to a subsequent purchaser. The deed from Parham and wife to Acres, dated May 1, 1928, recites a consideration for the conveyance of ten dollars and other good and valuable consideration. An amended and supplemental bill, filed in open court July 2, 1929, charges that Parham was insolvent at the time of executing the conveyance and that the same was intended as a preference in favor of Acres as a creditor of Parham. The answer of Bessie K. Acres, in her own right and as executrix of her deceased husband, avers that the consideration for the deed was the assumption by her husband of the debt due the Community Savings & Loan Company and other valuable considerations (without specifying any), and denies that any part of the consideration was a debt owing to her husband by Parham. The consideration for the note, secured by the trust deed from Acres and wife to Wheeling Bank & Trust Company and Central Trust Company, trustees, was $6760.00 paid by the Union Mortgage Investment Company May 17, 1928; $6,219.72 thereof to the Community Savings & Loan Company in discharge of its trust deed lien, $139.97 for taxes against the property and the remainder to the Standard Building & Investment Company which had negotiated the note of Acres to the Union Mortgage Investment Company.

From a decree granting the plaintiffs full relief, the defendants, Bessie K. Acres, in her own right and as executrix of the will of Arthur W. Acres, deceased, and Union Mortgage Investment Company, appeal.

Two general questions arise upon the record: First, is the Union Mortgage Investment Company entitled to a first lien upon the property under the deed of trust to Wheeling Bank & Trust Company and Central Trust Company, trustees, in its favor? and, second, if so, (and if the deed from Parham to Acres constituted a preference in favor of the latter), are the plaintiffs entitled to a second lien on the property or only to share as a general creditor in the residue of the proceeds, after payment of the lien in favor of Union Mortgage Investment Company?

Chapter 74, section 2, Code 1923 (40-1-5, Code 1931), upon which the plaintiffs rely, provides: "Every transfer or charge made by an insolvent debtor attempting to prefer any creditor of such insolvent debtor or to secure such a creditor or any surety or indorser for a debt to the exclusion or prejudice of any other creditor, shall be void as to such preference or security, but shall be taken to be for the benefit of all creditors of such debtor, and all the property so attempted to be transferred or charged shall be applied and paid pro rata upon all the debts owed by such debtor at the time such transfer or charge is made."

The Union Mortgage Investment Company is, by subrogation, clearly entitled to a first lien on the property for the amounts paid by it to discharge the tax lien and the deed of trust lien in favor of the Community Savings & Loan Company, both of which were prior to the lien asserted by plaintiffs. "In case of a conveyance by an insolvent debtor, operating as a preference, and standing for the benefit of all creditors, if the purchaser discharge prior liens on the property, he will be substituted to such liens, and accorded their priority." *Herold* v. *Barlow*, 47 W. Va. 750, 36 S. E. 8. "One who has paid a debt at the request of the debtor, is not a stranger or volunteer in the transaction. When the debt so discharged was secured by a first lien on the debtor's property, and payment thereof was made upon an understanding with the debtor that the payor was to have a first lien on the property, the payor is entitled to be subrogated to the rights of the first lienor, in case of an intervening incumbrance, of

which the payor was innocently ignorant." *Huggins* v. *Fitzpatrick*, 102 W. Va. 224.

The evidence amply justified the ruling of the circuit court that the deed from Parham to Acres constituted a preference in favor of the latter as a creditor of the former, and that the property was subject to an equitable lien in favor of the plaintiffs. *Blake* v. *Blake*, 98 W. Va. 346. As no creditor of Parham, other than plaintiffs and Union Mortgage Investment Company, has presented any claim, we are of opinion that the plaintiffs are entitled to the second lien on the property subject to the rights of others which may be later asserted in the cause.

The decree, complained of, is reversed and the cause remanded.

*Reversed and remanded.*