MEADOW RIVER LUMBER COMPANY *v.* HONORABLE D. M. EASLEY, *Judge, etc., et al.*

(No. 9078)

Submitted February 21, 1940.   Decided March 19, 1940.

*S. H. Sharp* and *G. Gilmer Easley,* for relator.
*Charles M. Love* and *Bowers & Meador,* for respondents.

RILEY, PRESIDENT:

In this original proceeding in mandamus, the relator, Meadow River Lumber Company, seeks a writ against the Honorable D. M. Easley, Judge of the Circuit Court of Mercer County, commanding him to enter a tendered *pro confesso* decree in its favor and against the plaintiffs in a certain suit in equity pending in said circuit court entitled A. L. Amick, et als., plaintiffs, v. Gauley Coal Land Company, a corporation, et als., defendants.

The plaintiffs in the equity suit filed their bill of complaint against the Gauley Coal Land Company, Imperial Smokeless Coal Company, and Charles Spence in the Circuit Court of Greenbrier County alleging that they are the owners in fee simple of certain lands situated in Greenbrier County, West Virginia; that the defendants are claiming adversely to them under certain conveyances which constitute clouds on the latters' title; and that, under their claims of title, the defendants have unlawfully removed from plaintiffs' lands timber and coal in unascertained quantities. This bill of complaint prays, among other things, that the alleged clouds on title be removed; that defendants be enjoined from further trespassing on plaintiffs' lands; and that an accounting be had for the coal and timber alleged to have been removed by defendants. Defendants, Gauley Coal Land Company and Imperial Smokeless Coal Company, then filed their joint and separate demurrer, answer, and cross-bill, which cross-bill likewise prayed that certain deeds and conveyances be cancelled as clouds on defendants' title; and that Meadow River Lumber Company (relator herein), together with four other parties, be made defendants to the suit. On

June 6, 1938, the Circuit Court of Greenbrier County entered a decree filing the demurrer, answer, and cross-bill, together with the exhibits thereto, and decreeing that the relator and the others, named in the cross-bill as necessary parties, be made parties defendant to the suit; and that summons issue forthwith directing said parties to appear at July, 1938, Rules, to answer said cross-bill. In response to summons served upon it, relator appeared at July, 1938, Rules, held in the clerk's office of Greenbrier County, and filed its separate answer to the joint and separate cross-bill of Gauley Coal Land Company and Imperial Smokeless Coal Company and its separate answer and cross-bill to the original bill of complaint filed by the plaintiff's in said suit. By its separate answer, the relator admitted the various allegations contained in the cross-bill filed against it, denied that plaintiffs were vested with the fee simple title in all of the lands, described in the bill of complaint, and alleged that relator was vested with the fee simple title in the surface and timber of a part of the lands claimed by plaintiffs in their bill of complaint. Relator's cross-bill alleges that certain conveyances under which the plaintiffs claim are clouds upon its title and prays that said conveyances be set aside as such. No service of process was ever had on plaintiffs.

On November 22, 1938, the Honorable Mark L. Jarrett, Judge of the Circuit Court of Greenbrier County, entered a decree reciting his disqualification and ordering the suit removed to the Circuit Court of Mercer County. Thereafter, on December 19, 1939, relator tendered to the Circuit Court of Mercer County a decree with the request that the same be entered therein making final the decree nisi entered in said equity suit on relator's answer and cross-bill, to which answer and cross-bill the plaintiffs had not demurred, plead or answered. By decree of January 3, 1940, the court refused to enter the tendered decree. To compel Judge Easley to enter said decree resort is had to this proceeding in mandamus.

Relator says that since plaintiffs failed to file any demurrer, plea, or other pleading in answer to his cross-bill,

the entry of the decree would be a mere formality upon the part of the court and a ministerial act involving no exercise of discretion. In support of this position, relator says that a cross-bill or an answer in the nature of a cross-bill may be taken for confessed as against the plaintiff without service of process, and it relies heavily upon the case of *Goff* v. *Price,* 42 W. Va. 384, 26 S. E. 287. Point 4, Syllabus, of this case reads:

> "An answer, under section 35, chapter 125, Code, containing new matter constituting a claim for affirmative relief, may be taken for confessed as against the plaintiff, but not against another defendant, without service of process to reply to it."

This point of the syllabus, and the part of the opinion upon which it is based, were unnecessary to the decision in that case. In the recent case of *Brand* v. *Gibson,* 115 W. Va. 399, 176 S. E. 611, 96 A. L. R. 986, and note, 990, this Court, Judge Kenna speaking for it, in its opinion and by way of dicta only disapproved the statements in the *Goff* case as to the necessity of process against a plaintiff on a defendant's answer praying for affirmative relief. The views of this Court, as it is presently constituted, conform with the observations of Judge Kenna in the *Brand* case. It seems to us that a plaintiff comes into court asking only an answer to his bill of complaint. True, he has voluntarily submitted himself to the court, but he did so only for the purposes set forth in his bill of complaint. He should not, therefore, be countered with a cross-bill, or an answer in the nature of a cross-bill, which are, in many respects, tantamount to new suits, without process having been served upon him, and we so hold.

The foregoing, we think, fully disposes of the issues raised in oral argument and briefs. The relator is not entitled to have the relief prayed for herein. In deciding this case we have not overlooked the rule of equity practice which provides that where the scope and purposes of the original bill are broad enough a personal decree may be entered in favor of a defendant and against a plaintiff. See

*Brand* v. *Gibson, supra; O'Brien* v. *Drake,* 92 W. Va. 286, 114 S. E. 615. These and like cases are not in point with the instant case. In the suit in equity which we are considering, the relator was not made a party defendant at the instance of the plaintiffs. On the contrary, the plaintiffs filed their bill of complaint evidently having in mind that they could assert and establish their title to the lands in question without relator being in court. Although the latter came into the equity suit in answer to a cross-bill filed by co-defendants, it not only answered that cross-bill but it in turn filed a cross-bill against the plaintiffs. This procedure was of a drastic and aggressive nature and perhaps unexpected by plaintiffs, at least we may so surmise, in view of the fact that plaintiffs did not make relator a party defendant in the first instance. In this state, process has always been required on a cross-bill or answer in the nature of a cross-bill which seeks relief against co-defendants. *Goff* v. *Price, supra,* 391 of 91 W. Va.; *Grobe* v. *Roup,* 46 W. Va. 488, 33 S. E. 261; and we think the rule should apply with equal force as to the necessity of process against the plaintiffs.

For the foregoing reasons we are of the opinion and do refuse the peremptory writ.

*Writ refused.*