CENTRAL TRUST COMPANY, *Admr.*, *et al.* *v.* WAYLAND
FEAMSTER *et al*

(No. 8967)

Submitted April 8, 1941. Decided April 29, 1941.

*Joseph J. Madden,* for appellants.
*J. W. St. Clair, Peyton & Winters, Brown, Jackson & Knight* and *W. H. Sawyers,* for appellee.

ROSE, JUDGE:

This is a suit by Pattie Feamster, surviving executrix of the last will and testament of S. W. N. Feamster, and in her own right, against Wayland Feamster and others for the collection of the balance due on a judgment in favor of the plaintiff, as such executrix, and against Wayland Feamster, in the amount of $13,655.77, and costs, rendered January 18, 1935, in another suit.

The bill alleges the recovery of this decretal judgment against Wayland Feamster for misfeasance while he was co-executor with Pattie Feamster, under said will; the docketing of abstracts thereof in both Logan and Green-

brier Counties; the ownership by the defendant, Wayland Feamster, of an undivided interest in a tract of 500 acres of land situate in Greenbrier County, one-tenth of which tract was devised to said defendant by his father, and the residue of his interest therein purchased from other devisees, and the undivided one-tenth of one-third interest in 2700 acres of land in Logan County, devised to him by his father, as well as four parcels situate in Greenbrier County, acquired by him through purchase; and the issuance of an execution on said judgment directed to the sheriff of Greenbrier County and a return thereof *nulla bona*.

The bill also charged that pending the suit in which the judgment was obtained, the defendant, Wayland Feamster, conveyed all his interest in the Logan County land to the defendant, Theresa Trimboli, his wife's sister, without consideration, and with intent to hinder, delay and defraud the estate of S. W. N. Feamster and other creditors of Wayland Feamster, in which fraud, the said grantee is alleged to have participated.

The Utilities Coal Company, a corporation, is made a defendant for the reason that it is the holder of a coal lease on 1,179.4 acres of the Logan County land, and Del Carbo Coal & Coke Company, a corporation, is likewise made a defendant by reason of its having a lease on 243.91 acres of the Logan County land, an injunction being asked against said lessees to prevent their paying any royalties under their respective leases to Theresa Trimboli pending this litigation.

It also appears from the bill that the royalties from these two coal leases were, by agreement between the widow and devisees of S. W. N. Feamster, collected by the executors of his will. The prayer. is that the deed from Wayland Feamster to Theresa Trimboli be set aside and held for naught so far as the plaintiff's claim is concerned, and that the real estate attempted to be conveyed thereby and all other real estate owned by the defendant, Wayland Feamster, "may be held subject to" the plaintiff's judgment; that the defendant coal companies be re-

strained from paying royalties to Theresa Trimboli pending the suit, and for general relief.

The defendant, Theresa Trimboli, answered, denying categorically all charges of fraud on her part in the procurement of the deed from Wayland Feamster; that the conveyance was without consideration, or that she had any knowledge of plaintiff's judgment or any fraudulent intent on the part of Wayland Feamster in the execution of the deed. This answer also asks that the plaintiff account to respondent for all royalties received from the defendant coal companies since the date of her deed, and insists that all other real estate of Wayland Feamster be exhausted first before the plaintiff is permitted to proceed against the real estate attemped to be conveyed to her.

The Utilities Coal Company answered, disclaiming all interest in, or knowledge of, the matters in controversy, and showing that it had paid to Pattie Feamster, as executrix, and Wayland Feamster, as executor of the will of S. W. N. Feamster, since the date of said deed, royalties in the aggregate amount of $24,150.00, and that at the time of answering, it held the sum of $1,458.45, representing Wayland Feamster's interest, to be paid to such persons as the court may direct.

The Del Carbo Coal Company also answered, denying any interest in, or knowledge of, the matters in controversy, showing that it had paid to the executors of said Feamster will since the date of the Trimboli deed the sum of $1,926.82, and that it still held in its hands to be paid to the owners of the Wayland Feamster interest as the court may direct the sum of $94.42.

Pending this suit, Pattie Feamster was legally discharged as executrix of her father's will, and the Central Trust Company, a corporation, appointed in her stead, which thereupon appeared by counsel, other than those who represented the original plaintiff, and was made plaintiff in lieu of the original executor.

The regular judge of the Circuit Court of Greenbrier County was disqualified, and the cause was heard and determined by a special judge. Evidence was taken be-

fore the special judge, and a decree pronounced setting aside the deed from Wayland Feamster to Theresa Trimboli as to plaintiff's judgment, and fixing the amount of the same, after allowing the credit of $2,955.20, including interest, to February 15, 1939, at $13,575.53, and decreeing the defendant, Wayland Feamster, to be the owner of one-fifth undivided interest in the 500 acre farm in Greenbrier County, and the owner of five other parcels of real estate in the same county; and decreeing the said judgment to be a lien on all of the said real estate so found to be owned by Wayland Feamster, including the undivided one-tenth of one-third of the said 2700 acres in Logan County. The decree directed the sale of all this real estate by a special commissioner, appointed for that purpose, at the front door of the courthouse of Greenbrier County, after advertisement of the time, terms and place of sale, for four successive weeks prior thereto in some newspaper published in that county. By the decree, also, the defendant, Theresa Trimboli, was directed to be repaid the sum of $80.00, without interest, found to be the full consideration paid by her for the fraudulent conveyance; directed the defendant coal companies to pay all accumulated and unpaid royalties to the personal representative of S. W. N. Feamster, and dismissed the pleading of the defendant, Theresa Trimboli, in so far as it constituted a cross-bill or an answer for affirmative relief.

Wayland Feamster and Theresa Trimboli obtained this appeal. On behalf of the appellant Feamster, errors are assigned as follows: (1) that the court did not refer the cause to a commissioner in chancery to ascertain his real estate and the liens thereon; (2) that the court found without pleading or proof that his real estate would not discharge the judgment and the costs of the suit within five years; (3) that the court did not ascertain the credits to which he was entitled by reason of coal royalties in the hands of the successive executors of S. W. N. Feamster; and (4) that the court decreed the sale of Logan County real estate in Greenbrier County. Theresa Trimboli assigns as error (1) the cancellation of her deed from Wayland Feamster; (2) that the court did not require the

other real estate of Wayland Feamster to be exhausted before sale of that conveyed to her; (3) that the court dismissed her cross-bill, praying for an accounting for rents and royalties during the time she held the deed in question; and (4) that the court directed unpaid royalties from the coal lessees to be paid to the plaintiff.

At the threshhold of this case, we are confronted with a disagreement between counsel for the plaintiff and the appealing defendants as to the character of this suit. Counsel for the plaintiff insists that it is in substance and effect merely a suit to set aside the deed from Wayland Feamster to Theresa Trimboli for Feamster's Logan County real estate, while counsel for defendants insist that the proceeding is a judgment lienor's suit, in which the setting aside of this fraudulent conveyance to certain tracts of real estate involved is merely an incident.

If we adopt the view that this is a suit solely to set aside a fraudulent conveyance of real estate and to subject to the plaintiff's debt the real estate attempted to be conveyed, this suit must wholly fail, for the reason that the suit is brought in Greenbrier County, while the real estate involved is situated in Logan County. Code, 56-1-1, provides that:

> "Any action or other proceeding at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: * * *
> "(c) If it be to recover land or subject it to a debt, wherein such land or any part thereof may be; * * *."

This Court has uniformly construed this statute to require suits regarding the title to real estate to be brought in the county in which the real estate is situate. *Tennant's Heirs* v. *Fretts,* 67 W. Va. 569, 68 S. E. 387, 29 L. R. A. (N. S.) 625, 140 Am. St. Rep. 979; *Wayland Oil & Gas Co.* v. *Rummel,* 78 W. Va. 196, 88 S. E. 741; *Wirgman* v. *Provident Life & Trust Co.,* 79 W. Va. 562, 92 S. E. 415, L. R. A. 1918 E, 715; *Anderson* v. *Stockdale,* 93 W. Va. 657, 117 S. E. 553; *Life* v. *Rugged State Development Co.,* 107 W.

Va. 33, 147 S. E. 31. Moreover, if it were such a suit and the court had jurisdiction, the final decree would be erroneous in that it brings in and decrees the sale of other real estate. The suit and the final decree must be sustained, if sustained at all, upon the theory that this is a judgment lienor's suit.

Only two shortcomings in the bill are suggested as preventing its being considered a bill for the enforcement of a judgment and other liens. The bill of complaint nowhere shows that the rents and profits of the land of Wayland Feamster will not in five years produce a sufficient amount to pay off and discharge the liens against the same and costs of suit; and there is no special prayer for the sale of the real estate to satisfy the plaintiff's judgment.

An allegation that the rents and profits of the judgment debtor's land will not discharge the judgment in five years is not required in a judgment lienor's bill. The plaintiff is entitled to collect his judgment from either the rents and profits or from the land itself. If the rents and profits are sufficient, he collects from them; if not, he sells the land. This is a matter of law, not of pleading. And on the hearing, the court was justified in finding from the evidence in the case that resort to the land was necessary. Nor is the absence of a special prayer for the sale of the real estate serious, in view of the plain purpose of the bill and the prayer for general relief. *Blake* v. *Blake,* 98 W. Va. 346, 128 S. E. 139; *Davis* v. *Lilly,* 96 W. Va. 144, 122 S. E. 444; *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Stewart* v. *Tennant,* 52 W. Va. 559, 44 S. E. 223. We are of opinion, therefore, that the bill is sufficient for the enforcement of the plaintiff's judgment lien.

Since this must be treated as a judgment lienor's suit, it was imperative that it should be proceeded in and conducted as such. The question, therefore, as to the necessity for a decree of reference to ascertain the real estate and its liens becomes important. Such a reference is required in all ordinary judgment lienor's suits. The only circumstances under which such a reference may be dis-

pensed with are clearly defined in *Robertson* v. *Campbell,* 117 W. Va. 576, 186 S. E. 310, in point two of the syllabus, which reads as follows:

"Reference to a commissioner in chancery to report an account of liens and their priority cannot be dispensed with in a suit brought for the purpose of subjecting the land of a judgment debtor to the lien of a judgment, except where the bill of complaint sets up all of the liens against the land sought to be sold in such manner as that their amounts and priorities can be decreed from its allegations, avers that the liens so set up are all of the liens against the land sought to be sold, and the allegations of the bill of complaint in these respects are not denied."

It will at once appear that the instant case cannot be brought within the exception there laid down. The bill does not purport to set up all the liens on Wayland Feamster's real estate and does not purport to show the exact amount of the plaintiff's judgment, and even certain of its allegations in regard to the plaintiff's judgment are denied by answer. A decree of reference, under Code, 38-3-11, was, therefore, imperative.

But we are further of opinion, however, that the final decree appealed from was not in all respects erroneous. The issue as to the fraudulent character of the deed from Wayland Feamster to Theresa Trimboli was proper, if not necessary, to be determined before a reference to a commissioner. This issue was a main controversy in the case, and its determination should not have been delegated by the trial judge to its commissioner. A cause should not be referred to a commissioner in chancery merely to enable the plaintiff to prove its case, or under the guise of requiring a statement of account, where the reference actually involves the trial of the prime issue. *Ammons* v. *South Penn Oil Co.,* 47 W. Va. 610, 35 S. E. 1004; *Gist* v. *Virginian Ry. Co.,* 79 W. Va. 167, 90 S. E. 554; *Shinn* v. *Westfall,* 95 W. Va. 292, 120 S. E. 762. The hearing and decree on the question of fraud in the Trimboli deed was correctly had. So much of the final decree, therefore,

as set aside the alleged fraudulent deed, may be affirmed, if, from the record, it appears that the decree in that regard was justified.

The evidence shows the deed to have been plainly fraudulent so far as Wayland Feamster was concerned. He wrote it in his own hand, took it to his sister-in-law, Theresa Trimboli, in Elkins, without any previous negotiations, accepted a cash payment of $20.00 from her and two notes for the aggregate amount of $4,960.00, respectively, without reserving a vendor's lien or reciting the true consideration, then took the deed himself to Logan County for recordation and had it returned to him, by whom it was kept until introduced in evidence here. He had prepared, but did not deliver, a deed to the same grantee for his interest in the home place of 500 acres. At the time the deed was executed, he received back from the grantee an agreement to reconvey the real estate involved to any one whom the grantor or his wife might direct at any time before the payment of the purchase money notes, and a will from the grantee to the grantor's wife. Later, he procured a deed in blank from her for the real estate, without surrendering the notes (although he seems to have promised to surrender them). As a witness, Wayland Feamster frankly and rather boastfully testified that he was trying "to protect his property"; and even states that if he had known the kind of people he was dealing with, he would have protected all of his property. He refuses to produce the notes or tell where they are, although required to do so by the order of the court. There can be no question that this transaction was fraudulent so far as Wayland Feamster was concerned.

Theresa Trimboli was found by the chancellor not to be equally guilty, but sufficiently so as to justify the cancellation of her deed. This finding, we think, was abundantly justified. This grantee is a sister to the grantor's wife. Only slight evidence of such a grantee's fraud is required to invalidate the deed. *Elliott & Co.* v. *Johnson,* 85 W. Va. 706, 102 S. E. 681; *McCarthy Co.* v. *Saunders,* 83 W. Va. 612, 98 S. E. 800; *North American Coal & Coke Co.* v. *O'Neal,* 82 W. Va. 186, 95 S. E. 822; *Colston* v. *Mil-*

*ler,* 55 W. Va. 490, 47 S. E. 268. The grantee is shown to have had no assets except a residence in Elkins, of the estimated value of $4,000.00, partly paid for, and no income but that of a school teacher with a salary ranging between $100.00 and $120.00 per month, and some part-time income as a clerk during school vacation at about $10.00 per week. She also had a rental income of $15.00 per month from half the house mentioned, and anticipated an income of $70.00 per month from the property acquired. She was, at that time, according to her own testimony, the sole support of her father, mother, brothers and sisters. She had never seen this Logan County land, had never been in Logan County, and had no funds to invest, and made a cash payment of only $20.00 and claimed later payments to bring the total to $80.00. She agreed in writing to reconvey the property at the request of Feamster or his wife before payment of the balance of the purchase money, and executed a will devising this property to her sister, Feamster's wife. She shortly afterwards executed and delivered to Feamster a deed in blank for the property without the surrender of the notes (an act sought to be explained as an effort to get out of the whole transaction, in view of this suit). She is very vague about the purchase money notes. She gives no explanation of this remarkable transaction, except that she knew that her brother-in-law, Wayland Feamster, and his family were in distress for funds. This is not a sufficient explanation in view of the fact that she is a sister-in-law of the grantor.

It clearly appears from the evidence of Pattie Feamster that she has received by way of royalties from the coal company leases of the Logan County land a substantial sum, in which Wayland Feamster has a one-tenth interest. This amount she claimed to be unable to give, and while the fund was known to be in existence, the court did not require its amount to be ascertained or credited upon the plaintiff's judgment. There should be no decree of sale until the exact amount of this fund applicable to the Wayland Feamster judgment is definitely ascertained.

Theresa Trimboli insists that she was entitled to the royalties or rentals accruing from the Logan County land to which her grantor might have been entitled, and that these royalties withheld by the coal companies or received by the executors should be paid to her for the period her title was intact. There might have been some basis for this contention if these royalties were actually "rents," but were they? They appear to have been the usual payments made by coal companies for a part of actual corpus of the estate by them removed, but the leases are not in the record, and their character cannot here be determined. And there would seem to be some merit in the respondent's claim that the land conveyed to her should not be sold until the other lands of the judgment debtor have been exhausted. If no higher equities in other persons are shown to exist, this course should ordinarily be followed. Code, 38-3-16. But there was no process on the answer claiming affirmative relief, for which reason alone it was ineffective. *Chapman* v. *Branch,* 72 W. Va. 54, 78 S. E. 235; *Turner* v. *Stewart,* 51 W. Va. 493, 41 S. E. 924; *Meadow River Lumber Co.* v. *Easley,* 122 W. Va. 184, 7 S. E. (2d) 864. We can express no opinion on the matters alleged for affirmative relief since the adverse parties were not properly impleaded, and the trial chancellor has not passed thereon.

The objection that the decree of sale should have required the Logan County real estate to be advertised and sold in that county is only partly sound. The notice of sale should be published in Logan County, except under circumstances not shown here to exist. Code, 55-12-2; *Gauley Coal Land Assn.* v. *Spies,* 61 W. Va. 19, 55 S. E. 903. But the sale is not required to be made in the county where the land is situate. *Golden* v. *O'Connell,* 76 W. Va. 282, 85 S. E. 533, 2 A. L. R. 460.

The decree appealed from will, therefore, be set aside, except in so far as it adjudged the deed from Wayland Feamster to Theresa Trimboli to be fraudulent and sets it aside as to the plaintiff's judgment, in which respect it is affirmed; and the cause is remanded for further proceedings in accordance with this opinion.

*Affirmed in part; reversed in part; remanded.*