Fred O. BLUE, Trustee in Bankruptcy of Pearl Mae Mathena, Bankruptcy No. 4324, Plaintiff,

v.

Pearl Mae MATHENA, Marvin Clifton Mathena, an infant under the age of 21 years, and Margaret M. Mathena, an infant under the age of 21 years, Defendants.

Civ. A. No. 982.

United States District Court S. D. West Virginia, Bluefield Division.

Oct. 26, 1966.

Joseph C. Shaffer, Jr., Shaffer & Griffith, Princeton, W. Va., for plaintiff.

LeRoy Katz, Katz, Katz & Kantor, Bluefield, W. Va., for defendants.

CHRISTIE, District Judge.

This matter is before the Court pursuant to defendant's Motion to Dismiss under Rule 12(b) Federal Rules of Civil Procedure (28 U.S.C.A.), on the ground

that this Court is without jurisdiction in that at the time of filing the instant Complaint, a suit between the same parties involving the same issues was then pending in the Circuit Court of Mercer County, West Virginia.

The stipulations of counsel show that in February of 1966 an action involving the same subject matter and parties was instituted in the Circuit Court of Mercer County, and that on March 7, 1966, an Answer to this Complaint was duly filed. Subsequently, because of an apparent misunderstanding, plaintiff's attorney secured the entry of an Order dismissing the action. Defendant's attorney, upon learning of this Order, moved the Circuit Court to set it aside and this was accordingly done and the action reinstated upon the civil docket of that court.

The instant action was instituted in this court on July 29, 1966, prior to the entry of the dismissal order in the state court, and it is an action by a trustee in bankruptcy to set aside as fraudulent certain conveyances of real estate executed by the bankrupt and to have the same declared assets of the bankrupt's estate and administered as such.

Plaintiff alleges that the conveyances in question are void under the provisions of West Virginia Code 40–1–1 (Michies 1966) [1] and that the Bankruptcy Act, 28 U.S.C.A. § 1334, grants this Court jurisdiction to so determine. While it is clear that this Court does possess jurisdiction to hear this matter, it is equally true that the Act, 11 U.S.C.A. § 107(e) [2] likewise grants concurrent jurisdiction to the state court to hear it. Remington, Bankruptcy 2193 (1953). Thus, there is no preemption of jurisdiction in either court involved.

If the instant action involved diversity of citizenship, there is little doubt that it could be removed from the state court to this court, Certain-Teed Products Corp. v. Wallinger, 89 F.2d 427 (4th Cir. 1937) cert. den. 302 U.S. 707, 58 S.Ct. 26, 82 L.Ed. 546, however, this is an example where the plaintiff, after first bringing his action in a proper state forum to which the defendant had answered and while the same was still pending there, filed an action on the same grievance and for the same relief in a federal court on the basis of concurrent jurisdiction.

■■ Jurisdiction of a federal court over an action by a trustee in bankruptcy to set aside a transfer as preferential or fraudulent is determined from the statement of the cause of action and it is, therefore, essential that the necessary jurisdictional facts be pleaded where the action is brought in that court. 9 Am. Jur.2d, Bankruptcy 1182 (1963). Plaintiff's Complaint appears to sufficiently meet these requirements and, consequently, this Court has jurisdiction of the instant controversy.

■■ However, whether as a matter of discretion, under the circumstances presently existing, jurisdiction should be exercised by this Court is another matter. Generally, a court having jurisdiction of a case has not only the power and authority, but also the duty, to exercise that jurisdiction. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440. However, this rule is not without exceptions. Canada Malting Co. v. Paterson

---

1. "Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal, every suit commenced, or decree, judgment, or execution suffered or obtained, and every bond or other writing given, with intent to delay, hinder, or defraud creditors, purchasers, or other persons, of or from what they are or may be lawfully entitled to, shall as to such creditors, purchasers, or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor."

2. "For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. It has been stated that a federal court, in its discretion, may refuse to assume jurisdiction in a suit where the cause of action is already pending before a state court and where the questions presented in the Complaint in the federal court are capable of proper adjudication in the state court. American Automobile Ins. Co. v. Freundt, 103 F.2d 613 (7th Cir. 1939). This Court recently had occasion to review the question of concurrent federal-state jurisdiction in Preston Corporation v. Raese, 236 F.Supp. 135 (N.D.W.Va.1964), and there found reason to continue the application of Chief Justice Marshall's wise observations in Smith v. McIver, 9 Wheat. 532, 6 L.Ed. 152, that,

> "In all cases of concurrent jurisdiction, the court which first has possession of the subject-matter must determine it conclusively."

This rule is not limited to instances where the property has actually been seized, Gillis v. Keystone Mutual Casualty Co., 172 F.2d 826, 11 A.L.R.2d 455 (6th Cir. 1949), but is applied as well in concurrent jurisdiction cases where the actions is *in rem*. 20 Am.Jur.2d, Courts 135 (1965). The instant action, being one affecting title to real estate, comes squarely within this rule. Central Trust Co. v. Feamster, 123 W.Va. 250, 14 S.E.2d 619 (1941).

 In view of the fact that federal courts must look to applicable state law to determine whether or not a conveyance is voidable by a trustee in bankruptcy, Alcott Company v. Raphael, 275 F.2d 551 (5th Cir. 1960), and since the inference, at least, may be indulged that state courts are more conversant of state law than are the federal courts, and because the latter must look to the former for their proper interpretation in applying it, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, we apprehend, in the circumstances of the case at bar, no compelling reason to interdict the express jurisdiction granted to the state court to adjudicate the controversy involved. For, as we stated in *Preston,*

supra, absent of substantial equitable considerations requiring a different view, a federal court should desist from interfering with the orderly processes of a state court where the state court has concurrent jurisdiction and was the first to exercise it in the case. See the oft-cited concurrence in Strachman v. Palmer, 177 F.2d 427, 431, 12 A.L.R.2d 687 (1st Cir. 1949), buttressing this philosophy, where Judge Magruder counseled that "(F)ederal courts should not be overeager to hold on to the determination of issues that might be more appropriately left to settlement in state court litigation," and the opinion of Mr. Justice Brennan echoing a like sentiment in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

We cannot perceive that this determination will subject the plaintiff to any inconvenience or result in increased litigation on the same issues, since the two courts—federal and state—are within ten miles of each other and are situated in the same county; nor will we be so presumptuous as to assume that the state court here involved is less capable than we to properly and expeditiously determine this matter. It is not known to us why plaintiff originally chose the state court as his forum and later decided that the federal court was more to his liking, or why, on the other hand, defendant wishes to remain in the state court, but whatever the reasons may be, this Court is not inclined, without ample justification, to abridge the authority expressly granted by the Congress to the state court to act in such matters.

Generally, the plaintiff has the right to select which of the courts having concurrent jurisdiction he will bring his action in, and this choice is ordinarily binding on the defendant. However, the plaintiff is also bound by his selection and cannot thereafter bring an action concerning the same subject-matter in a tribunal having concurrent jurisdiction unless a question is involved that cannot be adjudicated by the first court. 20 Am. Jur.2d, Courts, 130 (1965).

Defendant's Motion to Dismiss, predicated as it is on the ground of lack of jurisdiction, is technically ill-conceived, since as indicated, infra, the stating of the cause alleged in the Complaint gives this court jurisdiction in this type action. In essence, therefore, we simply decline to accept jurisdiction on the well-established theory of absention, England v. Louisiana State Board of Medical Examiners, supra.