# CHARLESTON.

JOHN M. WIRGMAN *et al.* v. THE PROVIDENT LIFE & TRUST COMPANY, A CORPORATION, *et al.*

Submitted January 30, 1917.   Decided February 6, 1917.

1. VENUE—*Nonresident Defendant.*

   A suit against non-residents for establishment or vindication of an equitable title to land, must be brought in the county in which the land as to which relief is sought, or some part thereof, is situated. (p. 565).

2. EXECUTORS AND ADMINISTRATORS—*Executor Qualifying in State—Jurisdiction—Personal Property.*

   The courts of this state have no jurisdiction or power to control, regulate or supervise the administration of personal property of the estate of a deceased person, held in another state by his personal representatives, under letters testamentary there granted, even though the executors named in the will have qualified in this state. (p. 565).

Appeal from Circuit Court, Logan County.

Bill by John M. Wirgman and others against the Provident Life & Trust Company and another. Decree for defendants dismissing the bill, and plaintiffs appeal.

<i>Decree affir</i>med.

*Vinson & Thompson* and *Frederick M. Leonard,* for appellants.

*Conlen, Brinton & Acker* and *Campbell, Brown & Davis,* for appellees.

POFFENBARGER, JUDGE:

The decree complained of on this appeal dismissed the bill of the plaintiffs, filed for the purpose of cancellation of a deed executed by them, on the ground of fraudulent procurement thereof, establishment of title in them to a one-tenth interest in certain lands owned by one Stuart Wood of the City of Philadelphia, at the date of his death, and an accounting with them by the executors of the will of said Stuart Wood, as to the proceeds of certain other lands sold by him in his life time, on a plea in equity which virtually amounts to a plea to the jurisdiction of the court.

The plaintiffs are residents of the City of Philadelphia, Wood resided there at the date of the transaction complained of and died in that city, his will was probated there and the defendants qualified there as executors of his will. At the date of the acquisition of title to the lands, 55,000 acres, more or less, they were situate in the County of Logan. By a declaration of trust, dated July 1, 1892, Wood admitted and declared that he held and would continue to hold, upon certain terms and conditions set forth, an undivided one-tenth interest in these lands, in trust for the use and benefit of Joseph I. Doran, Sabin W. Colton and John H. Dingee. Doran and Colton assigned and transferred their interests to John H. Wirgman and J. Walter White. Later, White conveyed his interest to Dingee and Wirgman, the plaintiffs in the bill. By a deed dated, February 7, 1913, Dingee and Wirgman conveyed their interests to Stuart Wood, for and in consideration of $55,000.00. In May, 1913, Wood conveyed 9,000 acres

of the land to Cole and Crane for more than $700;000.00. One purpose of the bill was to cancel the deed of February 7, 1913, and another, to obtain a settlement on the basis of a one-tenth interest in the proceeds of the sale of the lands sold.

The following facts not disclosed on the face of the bill were set up by the plea and proved on the issue made thereon: Such portions of the lands as lay in Logan County were conveyed to Cole and Crane and none of the unsold lands lie in that county. The will of Stuart Wood was probated in the City of Philadelphia, County of Philadelphia and State of Pennsylvania, and the defendants there qualified as executors of his will. Such portions of the proceeds of the lands disposed of to Cole and Crane, as Wood had not collected in his life time, were represented by notes secured by a deed of trust on the lands sold, and these notes had been, for the most part, collected by the executors, before this suit was instituted, and those not collected were in the hands of the defendants. All of the funds and securities arising from said sale have been carried into the accounts of the foreign administration and no ancillary administration has been asked for or obtained in Logan County, though an authenticated copy of the will, as proved before the Register for the Probate of Wills and Granting of Administration in and for the City of Philadelphia, and there probated, was admitted to probate by the Clerk of the County Court of Mingo County, West Virginia, and the executors therein named have qualified in that county, under authority so to do, conferred by section 4 of chapter 85 of the Code. Though it is not so stated in the plea or shown in the evidence, the fact is that, since the date of the acquisition of the 55,000 acres of land by Stuart Wood, Logan County has been divided and a portion of what was once Logan County, is now Mingo County. An allegation of the plea and a fact proved is that none of the unsold lands lie in Logan County.

The defendants are the Provident Life & Trust Company, a corporation, and Edward R. Wood, Jr., executors of the last will and testament of Stuart Wood, deceased. The former is a non-resident corporation, authorized to do business

in this state, and the process was executed by service upon its attorney in fact. Owing to his non-residence, it was not served upon Edward R. Wood, and an order of publication was taken against him.

Obviously the bill cannot be maintained as one having for its purpose vindication of an equitable title to land in Logan County. It does not in any manner attack the sale made to Cole and Crane. They are not made parties to it, nor has it in any manner assailed their title. If the executors can be treated as devisees of any land, that land is not to be found in Logan County. Any suit or proceeding brought primarily to affect the title to land must be instituted in the county in which the land or some part of it is situated. *Tennant* v. *Fretts,* 67 W. Va. 569; Code, ch. 123, sec. 1, clause 3. *Rader* v. *Adamson,* 37 W. Va. 582, recognizes an exception to this rule. Whether it is well founded, it is not now necessary to say. Neither of these defendants resides in any county in the state. Nor can the bill be treated as one seeking an interest in the lien secured upon the lands sold to Cole and Crane. It prays no relief as to that lien, nor, it is repeated, are Cole and Crane made parties to it.

In so far as it seeks control, regulation or supervision of the distribution of the personal estate of Stuart Wood, in the hands of his personal representatives appointed in another jurisdiction and under duty to render an account there, or to charge the same with debts, its purpose is beyond the jurisdiction of the courts of this state. The plaintiffs are residents of the state in which that personal estate is in course of administration. It has not been withdrawn from this state to their prejudice, as citizens here, for they are not such citizens; and, moreover, it does not appear from the bill that any portion thereof has been withdrawn from this state. In so far as it represents collections from Cole and Crane, on account of purchase money of the lands sold to them, it may have come from a state other than this, for it does not appear that Cole and Crane reside here. At the date of the institution of this suit, only two of the Cole and Crane notes remained unpaid, and, at the date of the filing of the plea, they had been paid. If the sums represented by these notes could

be regarded as assets in the state of West Virginia, the plaintiffs sought no remedy to prevent removal thereof. Their bill asked no relief against the defendants as to that particular fund. No injunctive process to prevent removal thereof was asked, nor did the bill charge that this fund was in the hands of anybody here, or pray that it be charged with any debt due to the plaintiffs from the testator. As to it, the only allegation is that they are entitled to share in the distribution, not of that particular fund, but in the entire proceeds, on the basis of ownership of an undivided one-tenth interest in the land, and the bill, at the same time, disclosed the fact that the estate in which they claim such share was in course of distribution in the jurisdiction in which the plaintiffs resided. From these disclosures and allegations, it is obvious that the purpose of the bill was not to charge the two unpaid notes, as for a debt due from the estate of Stuart Wood. It was to get one-tenth of the entire proceeds, the great bulk of which had been rightfully collected and taken into another state, and the balance of which has been collected and taken away without objection.

"An executor or administrator duly appointed under the authority and jurisdiction of another state or country, acquires a good title to the personal property and assets of his intestate, which are there found, and which come to his hands by virtue of such appointment, and he is to be held accountable therefor only in the legal tribunals of the state or country under which he holds his office." Bigelow, Judge, in *Norton* v. *Palmer,* 7 Cushing, (Mass.) 523. This proposition is sustained by uniform authority. *Masselman's Appeal,* 130 Pa. 165; *Brownlee* v. *Lockwood,* 20 N. J. Eq. 239; *Campbell* v. *Sheldon,* 13 Pick. (Mass.) 8, 23; *Selectmen of Boston* v. *Boylston,* 2 Cush. (Mass.) 384; *Stephens* v. *Gaylord,* 11 Mass. 256; *Fay* v. *Haven,* 3 Met. 114. The principle was recognized in *Tunstall* v. *Pollard's Adm'r.,* 11 Leigh 1, but the case fell within an exception thereto. Moreover, a foreign administrator or executor has no power or authority in this state, and, therefore, he can neither sue nor be sued as such, that is, strictly in his official capacity, in this state. *Oney* v. *Ferguson,* 41 W. Va. 568; *Crumlish's Adm'r.* v. *Shenandoah*

*Valley Ry. Co.,* 40 W. Va. 627; *Leach et al.* v. *Buckner, Adm'r.,* 19 W. Va. 36, 44. Under this principle, however, personal representatives cannot take shelter from the consequences of their own wrongs. Under some circumstances, they may be sued and held to accountings in jurisdictions other than those in which they were appointed, but the jurisdiction exercised over them in such cases, is not inconsistent with the general principle. ''They are in such proceeding treated, not in their official capacity, which is co-extensive only with the state in which they received their appointment, but as persons who, by withdrawing themselves from the jurisdiction of the court having power over them, are unlawfully in possession of the property which is to be protected, or adjudged to the lawful owner.'' Woerner, Am. Law of Adm'r., sec. 164. *Calhoun* v. *King,* 5 Ala. 523, 525; *Patton* v. *Overton,* 8 Humph. (Tenn.) 192; *Tunstall* v. *Pollard,* 11 Leigh 1; *Powell* v. *Stratton,* 11 Gratt. 792; *Manion's Admr.* v. *Titsworth,* 18 B. Mon. (Ky.) 582.

Though the executors have qualified in Mingo County, not Logan, they hold no personal assets in this state, nor are there any here to be recovered by them. Their qualification in this state, to enable them to exercise their powers and authority, respecting the real estate in Mingo County, manifestly does not subject them to a liability to account for the personal estate here. To require that of them would be wholly inconsistent with the general principles just stated. Cancellation of the deed alleged to have been fraudulently procured, could only affect the status of the fund derived from the sale to Cole and Crane and the unsold lands in Mingo County. It could not, on the showing made here, disturb or affect the title of Cole and Crane. In so far as that deed affects or governs the right to the proceeds of the sale, it can be set aside in Pennsylvania, the jurisdiction in which the fund is, as well as here, if the allegation of fraud should be sustained, and that is the proper jurisdiction for litigation as to that fund. As regards the lands sold, the deed could be set aside only as a means of charging the personal estate of Wood with a money demand, and that estate is in course of administration in Pennsylvania. It cannot be drawn into the courts of

this state for settlement or partition or to be made liable for a debt.

If the plaintiffs have any right to charge the unsold lands with the demand they set up, respecting the sold lands, they must proceed in the county in which the unsold lands are.

For the reasons stated, the decree complained of will be affirmed.

*Decree affirmed.*