# CHARLESTON.

## BIRCH v. COVERT.

Submitted April 8, 1919. Decided April 15, 1919.

JUDGMENT—*Process to S u p p o r t—Non-Resident—Specific Performance.*

A vendee may maintain a suit against a non-resident vendor of land in this state in the county where the land is, on order of publication, and where no specific acts or covenants are required to be performed by the vendor other than the execution of a deed conveying the legal title, the court may grant relief by a decree, in the nature of a decree *in rem* appointing a special commissioner to convey the legal title.

Appeal from Circuit Court, Hancock County.

Suit by Venora C. Birch against J. E. Covert. Decree for defendant, dismissing plaintiff's bill, and she appeals.

*Reversed and remanded.*

*E. A. Hart,* for appellant.

WILLIAMS, JUDGE:

From a decree of the circuit court of Hancock county denying relief and dismissing plaintiff's bill without prejudice, she has appealed.

The suit is by the vendee of land in Hancock county for specific performance of the written contract of sale. The bill avers payment in full of the consideration for the land and that defendant refuses to make her a deed conveying said land according to the terms of the agreement, although often requested to do so, and prays that he may be required by a decree of the court to execute and deliver to her such deed or, upon his failure to do so, that a special commissioner be appointed with power to execute and deliver to her a good and lawful conveyance.

The defendant is a non-resident and made no appearance, but was proceeded against by order of publication according to sections 11, 12 and 13, chapter 124 of the Code.

The question presented is, has the court jurisdiction and

the power to decree a conveyance of the legal title to the land to the plaintiff, not having obtained jurisdiction over the person of the defendant? As a general rule a decree for specific performance operates *in personam;* and where it is essential for the defendant to perform some specific act or covenant in order to accomplish the relief sought, it must so operate, thus rendering jurisdiction of the person indispensable in such cases. But there are instances in which the court may grant such relief by a decree operating only *in rem,* if it has jurisdiction of the subject matter. Plaintiff appears to be the complete equitable owner of the land, she has paid the full consideration and is entitled to a conveyance of the legal title. The defendant is simply holding the title as trustee for her. *Maudru* v. *Humphreys, Admr. et al.,* 83 W. Va. 307, 98 S. E. 259. The courts of general jurisdiction have control over the property within their respective jurisdictions, and, the land being in Hancock county, section 1 of chapter 123 of the Code gives the circuit court of that county jurisdiction and the power to determine who is entitled to it. There being no question on the showing made in this case that plaintiff is the sole beneficial owner, can it be said that the court is powerless to vest her with the legal title, because it is outstanding in a non-resident of the state, who cannot be reached by the court's process? We do not think so. Sections 11 and 12 of chapter 124 of the Code make provision for notice to parties to suits who are non-residents, by order of publication; and section 13 of said chapter provides that, after such publication has been duly made, "such judgment, decree or order shall be entered as may appear just." And section 4 of chapter 132, Code, is as follows: "A court of law or equity, in a suit in which it is proper to decree or order the execution of any deed or writing, may appoint a commissioner to execute the same; and the execution thereof shall be as valid to pass, release, or extinguish the right, title, and interest of the party on whose behalf it is executed, as if such party had been at the time capable in law of executing the same and had executed it."

In view of this statute the court had the power to appoint

a commissioner to convey the title as effectually and completely as defendant himself could have done. It is needless to say that such decree could not bind defendant personally; it operates only *in rem.* But the effect of such decree and deed in pursuance thereof would be to vest in plaintiff the full and complete legal and equitable title to the land.

The question here presented was decided in the case of *Tennant's Heirs* v. *Fretts,* 67 W. Va. 569, wherein we held that a court of equity, having jurisdiction over the land, could decree against non-residents on order of publication cancellation of a deed constituting a cloud upon plaintiff's title. That a court having jurisdiction of the person of a defendant may compel performance of a contract for the sale of land situate outside of its jurisdiction, by a decree operating *in personam,* does not militate against the right of another court having jurisdiction only of the subject matter to give similar relief, in a proper case, which operates only *in rem.*

"A suit for specific performance by a vendee of land within the jurisdiction against a vendor out of the jurisdiction is, by the weight of authority, sufficiently a proceeding *in rem* to validate a decree founded on service of process by publication, and the passing of title by the decree or by an officer appointed by the court." 36 Cyc. 772. The following cases are in point and support the text: *Rourke* v. *McLaughlin,* 38 Calif. 196; *Loaize* v. *Superior Court for San Francisco,* 85 Calif. 11, 9 L. R. A. 376; *Felch* v. *Hooper,* 119 Mass. 52; *Burrall* v. *Eames,* 5 Wis. 260; *Matteson* v. *Scofield,* 27 Wis. 671; *Hollander* v. *Central Metal Co.,* 109 Md. 131; *Single* v. *Scott Paper M'f'g. Co.,* 55 Fed. 553; *Epperly* v. *Ferguson,* (Iowa), 91 N. W. 816; *Boswell's Lessee* v. *Otis,* 9 How. (U. S.) 336; and 20 Encyc. Pl. & Pr. 409.

The decree is reversed and the cause will be remanded for further proceedings therein to be had according to the principles herein announced and further according to the rules and principles governing courts of equity.

*Reversed and remanded.*