# CHARLESTON.

Mary B. McGraw *et al* v. William Morgan, Trustee, *et als.*

Submitted November 25, 1919.   Decided December 5, 1919.

1.  Mortgages—*Necessity of Ascertaining Amount of Debt Before Sale.*

    Before a sale under a deed of trust to secure the payment of money may properly be had, the amount of the debt secured should be definitely ascertained, and if the trustee refuses or fails to discharge his duty in this respect, any party likely to suffer loss and injury by his default may apply to a court of equity for appropriate relief.   (p. 259).

2.  Appeal' and Error—*Action Below After Remand Consistent With Former Decision on Appeal.*

    But where this court upon appeal in such a case reinstates an injunction dissolved by the circuit court, which the latter awarded upon a bill filed to enjoin a sale advertised to be made by the-trustee in a deed to secure several notes, after a hearing of the cause upon the merits fully developed by proof and disclosures by answers as to the ownership of such notes and the credits to which plaintiffs are entitled by way of payments, the circuit court does not err in entering a decree perpetuating the injunction. as to one of the notes, and dissolving it and dismissing the bill as to the others; such action on its part being consistent with the decision rendered by this court upon the former appear.   (p. 259.)     !

Appeal from Circuit Court, Taylor County.

Bill for injunction by Mary B. McGraw and others against William Morgan, trustee, and others.   From an order of the circuit court, after remand, perpetuating the injunction reinstated by the Supreme Court of Appeals, and dissolving injunction as to other appellees, and dismissing the cause as to them, plaintiff Mary B. McGraw appeals.

*Affirmed.*

*John G. St. Clair,* for appellant.
*O. E. Wyckoff* and *W. R. Dent,* for appellees.

Lynch, Judge:

Upon remand of the cause after an adjudication of the merits of the controversy upon a former appeal from the decree dis-

solving the injunction and dismissing the suit, the opinion in which is reported in 81 W. Va. 331, the circuit court entered an order now before us on this appeal by the same appellants whereby the court perpetuated the injunction reinstated by this court inhibiting the sale of the lands of Mary B. McGraw, conveyed by her in trust to secure payment of twelve $2,500 notes, so far as the injunction related to the note held by the First National Bank of Grafton in violation of the purposes of the trust and without the authority and contrary to the intention for which they were executed, as this court determined, and awarded appellants costs against First National Bank of Grafton; but dissolved the injunction as to each of the other appellees in so far as it restrained the sale of the trust subject for payment of the other notes, dismissed the cause as to them, and awarded costs against appellants.

This decree, appellants say, is erroneous in that it ignores or disregards the holding of this court, but in what particular the court committed error they do not point out with precision or definiteness. The assignments are: The dissolution in part of the injunction reinstated by this court upon the first appeal; the failure to ascertain the debts secured by the deed of trust; dismissing the bill as to all the defendants except First National Bank of Grafton, O. J. Fleming, cashier, W. A. Beavers, president, and William Morgan, trustee, as to whom the injunction was perpetuated.

The sole question presented is whether the court below in its decree correctly construed and acted in conformity with the opinion and mandate of this court on the former appeal. The opinion clearly shows that as to eleven of the notes secured by the deed of trust there could be no question of the right of the respective holders thereof to proceed to enforce them by a sale of the trust property. At page 331 it is said: "The issues on this bill to enjoin a sale under a deed of trust for uncertainty in the amount of the debt actually secured by it have been narrowed down to one of the twelve $2,500 negotiable notes mentioned and described in it." Again at page 332: "In so far as the decrees complained of protect the holders of those notes (the eleven) they are manifestly right." Finally on page 334: "As developed, the cause discloses purpose on the part of the

trustee to sell the trust deed subject for payment of this note (that held by the First National Bank of Grafton), as well as the others, and the existence of a dispute as to the amount of the debts for which there is right of sale.  * * * These conclusions call for reversal of the final decree, reinstatement of the injunction, and adjudication here that the First National Bank of Grafton has no title to the note in question nor any right to have the property conveyed by the deed of trust mentioned and described in the bill and proceedings sold to pay the same, and remand of the cause for further proceedings therein."

The court thus has adjudicated the rights of the holders of the eleven notes, and the proof respecting them, "to be perfectly clear and conclusive," and has found that "in so far as the decrees complained of (dissolving the injunction) protect the holders of those notes, they are manifestly right."   It was only the enforcement of the note held by the First National Bank of Grafton that was enjoined by the former decree of this court.   The circuit court has acted in accordance therewith in perpetuating the injunction against enforcement of the latter note, and in dissolving it and dismissing the bill in so far as they relate to the other notes.   Though the original and several amended bills did allege appellants' want of accurate knowledge of the disposition of the proceeds of all the notes and the credits endorsed thereon or to which they are entitled, and demanded a disclosure as to these facts by each of the defendants in their answers, which disclosure was made, there is in the record no evidence bearing upon this subject except the general and indefinite observation and statement of Col. McGraw that he did not know who held any of the notes except the one claimed by the First National Bank of Grafton.   Judged by the testimony, the whole controversy centered about that note.   Its right to participate in the proceeds to be derived from the sale of the trust subject was the principal matter about which there was disagreement of a substantial character.   Regarding that right the parties interested introduced the proof found in the record dealt with upon the first appeal.   Respecting the eleven notes, the court said the proof was perfectly clear and conclusive and the decree of the lower court protecting the holders thereof manifestly right.

While it is true that, before a sale under a deed of trust to secure the payment of money may properly be had, the amount of the debt secured should be definitely fixed, and that, if the trustee refuses or fails to discharge his duty in this respect, any partly likely to suffer loss or injury by his default may apply to a court of equity for appropriate relief ( 10 Enc. Dig. 92), yet on the former appeal the amount of the debt secured was a question in issue, and the court found no uncertainty in the proof as to the eleven notes. An opportunity for full hearing upon the issues raised by appellants was then afforded them and the finding of the court upon the proof offered must be taken as conclusive. Neither party to the cause appears then to have expressed a desire or intention to introduce further testimony touching the issues involved, and the supplementary record contains nothing but the decree entered in conformity with the opinion and mandate of this court. The dissolution of an injunction awarded upon a bill alleging necessity for judicial ascertainment of the claimants of notes secured by a deed of trust about to be enforced at the instance of the beneficiaries by a sale of the land encumbered, and of credits that ought to be, but are not, endorsed thereon or recognized by holders of the notes as proper and legitimate, and of the administration of the trust under the immediate supervision and control of the court, is not erroneous where there is an express finding that the proof respecting the notes is sufficient to remove any doubt or uncertainty respecting the amount due thereon, and in the absence of proof showing misconduct on the part of the trustee in the discharge of some duty intrusted to him or the existence of such complications or conditions as necessitate equitable intervention to protect the interests of one or more of the parties concerned in the enforcement of the trust. *Lallance* v. *Fisher,* 29 W. Va. 512; *Righter* v. *Riley,* 42 W. Va. 633. Ordinarily equity will not interfere with the orderly exercise of powers vested in a trustee in a deed to secure debts. *Kester* v. *Alexander,* 47 W. Va. 329. There being no impediments, so far as the eleven notes are concerned, that would hinder or render hazardous a sale of the property pursuant to the trust deed, no basis for the continuance of the injunction existed and it was properly dissolved. The terms and conditions of the sale are to be gov-

erned by the trust instrument itself. *Abney-Barnes Co.* v. *Davy-Pocahontas Coal Co.,* 83 W. Va. 292, 98 S. E. 298.

Perceiving no error, we affirm the decree.

*Affirmed.*