# CHARLESTON.

THE FIRST NATIONAL BANK OF WEBSTER SPRINGS *et al.* v. JOHN T. McGRAW *et al.*

Submitted September 28, 1920.    Decided October 5, 1920.

INJUNCTION—*Circuit Court Can Not Enjoin Sale of Collateral Security in Another County Wherein Debtor and Creditor Reside.*

The circuit court of a county in which is pending a lien creditors' suit, has no jurisdiction, upon the application of the lien debtor in such suit, to enjoin the sale of collateral held by one of his creditors, also a defendant in such lien creditors' suit, because of alleged equities between said debtor and the creditor holding such collateral, or others who may have acquired liens thereon, where it appears that the proposed sale is advertised to take place in another county in which both the debtor and the creditor holding the collateral reside.

(WILLIAMS, PRESIDENT, absent.)

87 W. Va.

Appeal from Circuit Court, Webster County.

Creditors' suit by the First National Bank of Webster Springs and others against John T. McGraw, consolidated with a petition by defendant McGraw against the Grafton Banking & Trust Company and others to enjoin the sale of collateral. Petition granted, its motion to dissolve the injunction denied, and the Grafton Banking & Trust Company appeals.

*Reversed, and decree entered for appellant.*

*A. W. Burdett, W. Merle Watkins* and *L. L. Dyer,* for appellant.

*J. M. Hoover* and *Hogg & Hogg,* for appellees.

RITZ, JUDGE:

Several judgment lien creditors of John T. McGraw instituted suits for the purpose of subjecting his real estate to sale for the payment of liens against the same, all of which suits have been combined, and are now, and have been for some time, pending in the circuit court of Webster county, wherein a large part of his real estate lies.

On October 20, 1914, said McGraw executed his note to the appellant Grafton Banking & Trust Company for the sum of ninety-eight hundred dollars, evidencing a loan made to him by that institution, and to secure the payment of said note deposited with said bank certain collateral securities, with power to sell the same upon default in the payment of the note. Said securities were likewise in said collateral agreement to be held by said bank, not only as security for the payment of said note, but a second lien was created thereon to secure any other indebtedness of the said McGraw to the said Grafton Banking & Trust Company. McGraw failed to pay the note upon demand, and in March, 1917, the securities were advertised for sale. Said sale was to be made at the banking house of the appellant in the city of Grafton in the county of Taylor, in which county it does business, and in which county the said McGraw also resided. Part of the securities were sold at that time, and the proceeds applied to pay off some small debts of said McGraw, and the balance of something over six thousand dollars applied

on the ninety-eight hundred dollar note. Sale of the rest of the securities was continued at the request of said McGraw. Subsequently, in July, 1917, another notice was given to McGraw by the appellant that it would on the 28th of July, 1917. sell the balance of said securities at its banking house in the city of Grafton, for the purpose of satisfying the debt secured by said collateral, as well as any other debts which McGraw then owed the bank. McGraw thereupon filed a petition in the lien creditors' suits pending in Webster county, in which he contended that there was certain equities between him and the bank which would make it improper to sell these securities until such equities were determined, and the rights of the bank fixed. The Judge of the Circuit Court of Webster County being absent, an injunction was granted upon said petition by the Judge of the Circuit Court of Monongalia County, and said injunction perfected by giving the bond required before the clerk of the circuit court of Webster county, and process issued upon said petition. Subsequently said McGraw filed an amended petition in which it was contended that certain other parties had acquired liens on this collateral subject to the bank's lien by reason of executions sued out in Taylor county, and docketed, and that equities existed between himself and these parties which would make it improper to have any part of the proceeds of a sale of said collateral applied to their debts, should the proceeds exceed the bank's debt, until the equities above referred to were settled. Upon this petition another injunction was awarded enjoining the bank from selling the collateral. The bank filed an answer to these petitions denying the jurisdiction of the circuit court of Webster county to award the injunctions, and denying the equities set up in the petitions, and moved to dissolve the injunctions, which motion being overruled, it prosecutes this appeal.

Did the Circuit Court of Webster County have jurisdiction to award the injunctions above referred to? Section 4 of ch. 133 of the Code provides that jurisdiction of a bill for an injunction shall be in the circuit court of the county in which the judgment is rendered, or the act or proceeding is to be done, or is being done, or is apprehended.

The act which is sought to be enjoined in this case, according to the allegations of the petition, was to be done in the county of Taylor, in which county both McGraw, the petitioner, and the appellant at the time resided, and under the decision of this Court in the case of *Wayland Oil & Gas Co.* v. *Rummel, Judge,* 78 W. Va. 196, the circuit court of Taylor county had exclusive jurisdiction to grant any relief to which McGraw might have been entitled. The fact that lien creditors' suits were pending in Webster county to subject to sale his real estate could give no jurisdiction to that court to grant an injunction against the sale of personal property in satisfaction of liens thereon. The suits in Webster county were not for the purpose of enforcing liens against the personal estate of Mc-Graw, but only against his real estate. If it should turn out that there is a surplus from the proceeds of the sale of this collateral, after paying off the debt for which it is directly held as security, which would be applicable to any judgments against McGraw which have been set up in the Webster county case, he could in that case compel proper credit to be given him for such payments.

It is earnestly insisted by the appellant that assuming that there is jurisdiction, there is no equity in the petitions justifyng the granting of the injunctions. We cannot pass upon this question, inasmuch as our jurisdiction is appellate, and only attaches where a determination has been had by a lower court of competent jurisdiction.

We will reverse the decree of the circuit court of Webster county overruling the motion to dissolve the injunctions against the appellant Grafton Banking & Trust Company, dissolve the same, and dismiss the petitions as to the appellant, with costs in this court and in the court below.

*Reversed, and decree entered for appellant.*