# CHARLESTON.

J. M. LIFE *v.* THE RUGGED STATE DEVELOPMENT COMPANY and THE UNITED FUEL GAS COMPANY

(No. 6326)

Submitted February 19, 1929.   Decided February 26, 1929.

34

*J. Howard Hundley,* for appellant.
*J. Raymond Gordon* and *Lively & Stambaugh,* for appellees.

LITZ, JUDGE:

The plaintiff, J. M. Life, appeals from a decree of the circuit court dismissing his bill on demurrer of defendant, Rugged State Development Company, for want of jurisdiction.

The bill alleges that the plaintiff owns one-fifth and the defendant, Rugged State Development Company, owns four-fifths of certain oil and gas leases covering lands in Putnam county, which are now being developed for gas by the defendant, United Fuel Gas Company, under a lease from the Rugged State Development Company; and prays an accounting for the gas produced.

Counsel for the Rugged State Development Company say that because the right of the plaintiff to an accounting depends upon his ownership in the leases, the suit should have been brought in Putnam county where the lands lie. Section 1, Chapter 123, Code, and *Wayland Oil & Gas Company* v. *Rummel,* 78 W. Va. 196, are cited as supporting this contention. The parts of the statute relied on follow: "Any action at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county; (1) wherein any of the defendants may reside, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof is; or * * * (3) if it be to recover land or subject it to a debt wherein such land or any part

thereof may be." It was held in the case of *Wayland Oil & Gas Company* v. *Rummel,* that a suit to enjoin trespass to real property and remove cloud from the title thereto must be brought in the county where the land is situated. The court, speaking through JUDGE LYNCH, said: "Denial of such right (jurisdiction) is within the spirit, if not the express terms, of clause 3, section 1, Chapter 123, Code, when read in connection with section 4, Chapter 133. These provisions evince a legislative intendment to place a limitation upon the scope of the power of such other courts to deal with lands situate in remote counties of the state; and they were so construed in *Tennant's Heirs* v. *Fretts,* 67 W. Va. 570, and the cases therein cited, although *Rader* v. *Adamson,* 37 W. Va. 595, seems to adopt, apparently without due discrimination, a contrary construction." Neither the statute nor the case relied on is applicable to the case stated in the bill which is taken as true on demurrer. "Unless the decree sought to be obtained is to affect the land directly, the suit may not necessarily be brought in the county where the land is located." Hogg's Equity Proc., Vol. 1, section 4, citing *Lawrence* v. *Du Bois,* 16 W. Va. 443, which holds that suit to declare a deed for real estate absolute on its face to be in fact a mortgage may be brought in the county where the defendant resides. "Location of the land or property, an accounting of the profits or avails of which is sought, although such property is beyond the territorial jurisdiction of the court, will not affect the question of jurisdiction when the parties are subject to the process of the court." 1 C. J., p. 627, citing *Burlingame* v. *Hobbs,* 12 Gray 367; *Wood* v. *Warner,* 15 N. J. Eq. 81; *Reading* v. *Haggin,* 58 Hun. 450, 12 N. Y. S. 368; and *Hendrick* v. *Wood,* 30 L. J. Ch. 583. As there is, according to the bill, no issue of title to real estate involved, the suit was properly instituted in Kanawha county where the defendants have either principal offices and places of business.

The ruling of the circuit court is therefore reversed and the cause remanded.

*Reversed and remanded.*