[Civ. No. 25845.   Second Dist., Div. Three.   May 29, 1962.]

PONDEROSA SKY RANCH, Plaintiff and Respondent, v. OKAY IMPROVEMENT CORPORATION, Defendant and Appellant.

.Floyd H. King for Defendant and Appellant.

Moidel, Moidel, Moidel & Smith Associates and Leonard Smith for Plaintiff and Respondent.

FILES, J.—This is an appeal from an order denying a motion for a change of venue. The appeal was taken prior to the 1961 amendment to Code of Civil Procedure, section 963. Hence this court has jurisdiction to hear and decide it.

The original complaint in this action, filed October 10, 1960, by Ponderosa Sky Ranch, a corporation, against Okay Improvement Corporation, a corporation, and Title Insurance and Trust Company, as trustee, contains the following allegations:

Each defendant has its principal place of business in Los Angeles County. About May 8, 1958, plaintiff and defendant Okay entered into an agreement whereby plaintiff would purchase from Okay certain real property in Tehama County. Plaintiff was to execute three purchase-money notes in the amount of $60,000 each payable to Okay, secured by a trust deed on the real property, with Title Insurance and Trust Company as trustee. Plaintiff had the privilege of selling portions of the land on contract and assigning such land contracts to Okay, who would use the proceeds towards the discharge of plaintiff's obligations on the notes. Okay had orally agreed to give partial reconveyances as to the property sold by plaintiff. The complaint further alleged that Okay had refused to give such partial reconveyances, thereby preventing plaintiff from making land sale contracts which would have been used to discharge the notes. Okay had declared a default by reason of nonpayment of the notes and the trustee was about to sell the property.

The original complaint prayed for the following relief: (1) an injunction to stop the trustee's sale; (2) a declaration that Okay was obligated to grant partial reconveyances and accept land contracts towards satisfaction of the notes and

an injunction forbidding defendant to refuse; (3) reformation of the escrow instructions relating to this transaction.

Okay filed a demurrer to this complaint, which was sustained. A first amended complaint was filed, not substantially different from the original, and another demurrer was sustained.

Plaintiff then filed a second amended complaint which omitted the Title Insurance and Trust Company and joined as defendants Orville A. Figgs, Okay Improvement Corporation, and fictitiously named parties. This new pleading restated the old allegations concerning the May 8, 1958, contract and added the following: that Okay is the *alter ego* of Figgs; that on October 21, 1960, defendants caused a foreclosure sale of the real property at which Okay was the purchaser, and thereafter the corporation conveyed to Figgs who conveyed to his agents, the fictitiously named defendants who now hold record title. The first count of this second amended complaint alleged that a controversy exists between the parties as to the rights in the property and as to the interpretation and effect of the agreement. The second count alleged that the property is worth $135,000 more than the contract price and that plaintiff has been damaged in this amount by reason of defendants' breach of contract. The prayer was for a declaration that plaintiff is entitled to restoration of the title to the real property and a reformation of the notes and trust deed to provide for partial reconveyances under the agreement, and for money damages.

Defendant Okay moved for a transfer of the action to Tehama County upon the ground that the action is a local action relating to real property in Tehama County.

When this action was commenced, plaintiff had both title and possession of the real property.  ▮  The original cause of action was based upon the contract, which plaintiff sought to have interpreted or reformed and enforced. It was properly brought in the county in which "defendants, or some of them, reside." (Code Civ. Proc., § 395, subd. (1).)

▮ The second amended complaint was in reality an amended and supplemental complaint because it alleged facts occurring after the commencement of the action. (*California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732, 742 [91 P. 593].) Although the language was recast, plaintiff was still going forward on the same alleged cause of action on the contract which had been the subject of the earlier pleadings. The

new allegation of damage and the prayer for a monetary recovery were in furtherance of plaintiff's attempt to enforce its alleged contract.

The question presented is whether the newly added allegations—that title to the property has been purportedly transferred to some individual and that plaintiff desires that its property rights be adjudicated—change the action to a local action which must be transferred to the situs of the property.

In *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557], plaintiff alleged that he was the owner of three mining claims which had been leased to defendants; that defendants had improperly used some of the proceeds to acquire for themselves some twenty adjacent mining claims which in equity belonged to plaintiffs. Plaintiffs sought an accounting, recovery of the three leased mines, and the twenty adjacent claims. The complaint alleged that defendants did not claim title to or ownership of the original three mines, but that defendants did claim adverse title to the twenty mining claims. The action was brought in Los Angeles, where defendants resided. Defendants moved for transfer to Imperial County where the mines were situated. The trial court denied the motion. ▮ The Supreme Court, in affirming, stated the rule thus:

"In *Turlock Theatre* v. *Laws, supra* [12 Cal.2d 573 (86 P.2d 345, 120 A.L.R. 786)], it was pointed out that an action is transitory rather than local where the right to any real property sought by the plaintiffs depends upon the outcome of a controversy concerning a personal obligation of the defendants, and the judgment rendered thereon would be one to enforce such an obligation. ▮ The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. ▮ The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the personal obligation, and the decree operates *ex proprio vigore* on the title." (19 Cal.2d at pp. 611-612.)

For other applications of this principle, see *Peiser* v. *Mettler,* 50 Cal.2d 594 [328 P.2d 953]; *Rosen* v. *Kessler,* 145 Cal.App.2d 676, 683 [303 P.2d 110]; *Hardy* v. *White,* 130 Cal. App.2d 550, 552 [279 P.2d 126]; *Henderson* v. *Henderson,* 85 Cal.App.2d 476, 481 [193 P.2d 135].

In the present case plaintiff's alleged rights arise under a contract, and the underlying controversy appears to be over the existence and interpretation of the alleged contract. Plaintiff seeks to enforce its rights either by compelling defendants to perform or by recovering damages. If plaintiff is entitled to an adjudication of its interest in the land, this will be only as a form of relief which may follow after plaintiff has established its alleged rights under the personal obligation which is in dispute. Under the test set forth in the cited cases, this is a transitory action properly brought at the residence of one of the defendants.

The order denying the motion to change the place of trial is affirmed.

Shinn, P. J., and Ford, J., concurred.