[No. 42654.   En Banc.   December 6, 1973.]

MILTON E. OESTREICH *et al.,* *Appellants,* v. OCEAN SHORES ESTATES, INC., *et al.,* *Respondents.*

*Lewis S. Armstrong* and *Edward D. Campbell,* for appellants.

*Davis, Wright, Todd, Riese & Jones, Donald A. Schmechel, Judd Kirk,* and *David B. Goldstein,* for respondent Ocean Shores Development Corporation.

*Riddell, Williams, Voorhees, Ivie & Bullitt* and *Stimson Bullitt,* for respondent AVCO Financial Services of Washington.

PER CURIAM.—This action was brought in the King County Superior Court by Oceanroad, Inc., and its directors to seek damages and specific performance from over 100 lenders and assignees of interest in the real estate and contracts of purchase surrounding the original Wendell-West development of a 12,000-lot community in Ocean Shores, Grays Harbor County, Washington. The amended complaint includes eight causes of action which basically assert that: (1) representations were made to the buyers of Ocean Shores property concerning numerous items involv-

ing the habitability of the land, many of which were required to be set forth under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-20 (1970), and some of which were part of implied agreements under the sales contracts; (2) falsity or breach of these representations by the defendants and their assignees has been committed; and (3) damages have resulted to the buyers. The plaintiffs do not seek to repudiate any real estate transaction nor to declare any of the various deeds void.

The crucial question raised here is whether the subject matter of this suit is basically "local" in nature and therefore falling under RCW 4.12.010.[1] The trial court held that the action was local in character and dismissed the action.

■■ We held in *Silver Surprize, Inc. v. Sunshine Mining Co.*, 74 Wn.2d 519, 445 P.2d 334 (1968), that where the basis of an action is transitory, the court may hear and determine the action even though a question of title may be involved and even though the question of title may constitute the essential point on which the case depends. *Silver Surprize, Inc. v. Sunshine Mining Co.*, *supra* at 526. We also note that what little authority there is on the question indicates that an action at law for damages for alleged misrepresentation in the sale of land is transitory in nature, permitting it to be brought in a county other than that wherein the land is situated. *Kaluzok v. Brisson*, 27 Cal. 2d 760, 167 P.2d 481, 163 A.L.R. 1308 (1946); 56 Am. Jur. *Venue* § 14, at 7 (Supp. 1973); Annot., *Venue of Damage Action for Breach of Real-Estate Sales Contract*, 8 A.L.R.3d 489, 491 (1966); Annot., *Location of Land as Governing Venue of Action for Damages for Fraud in Sale of Real*

---

[1]"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"(1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title, or for any injuries to real property.

"(2) All questions involving the rights to the possession or title to any specific article of personal property, in which last mentioned class of cases, damages may also be awarded for the detention and for injury to such personal property." RCW 4.12.010.

*Property,* 163 A.L.R. 1312 (1946). We hold that this action is clearly one of a transitory nature. The King County Superior Court erred in dismissing it for want of jurisdiction.

The judgment is accordingly reversed and remanded to the King County Superior Court for proceedings consistent herewith.

Petition for rehearing denied February 25, 1974.