396 S.E.2d 702

**Everett W. RAY, Lennie C. Ray, Ralph C. Morris and Kathryn H. Morris**

v.

**Honorable John HEY, Judge of the Circuit Court of Kanawha County; One Valley Bank Corporation, N.A.; One Valley Bank of Summersville; and F.B. Tallamy, Trustee Under Deed of Trust Made to Everett W. Ray and Lennie C. Ray.**

No. 19613.

Supreme Court of Appeals of West Virginia.

July 12, 1990.

Rehearing Denied July 24, 1990.

Dissenting Opinion of Justice Miller Sept. 21, 1990.

P. Rodney Jackson, Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for Everett W. Ray, Lennie C. Ray and Ralph and Kathryn Morris.

W.R. Shaffer, Robert Stewart, Jackson and Kelly, Charleston, for F.B. Tallamy.

Gregory A. Tucker, Summersville, for One Valley Bank.

NEELY, Chief Justice:

Everett W. Ray, Lennie C. Ray, Ralph C. Morris and Kathryn H. Morris seek a writ of prohibition against the Honorable John Hey, Judge of the Circuit Court of Kanawha County, because he dismissed for improper venue the suits they filed against One Valley Bank of Summersville, F.B. Tallamy, trustee, and One Valley Corporation, N.A. Both suits sought an injunction to stop the sale of certain land located in Nicholas County on which the defendant bank held a deed of trust, allegedly in default, that named Mr. Tallamy as trustee. In seeking a writ of prohibition, the Rays and Morrises raise several arguments whose merits need not be discussed, because we conclude Judge Hey's dismissal of both suits for improper venue was proper.

On 17 January 1990, the Rays and the Morrises instituted suit in the Circuit Court of Kanawha County seeking damages from and an injunction against the defendant bank and Mr. Tallamy to stop the sale of certain land located in Summersville, Nicholas County, owned by the Rays and occupied by the Morrises. The Rays and Morrises allege that the defendant bank abrogated an agreement by failing to apply funds received as the result of a partial sale of the land, to the debt evidenced by the deed of trust. A hearing on the motion for an injunction was held on 22 January 1990 before Judge Hey. At that hearing Judge Hey also considered the defendants' motion to dismiss for improper venue. By order dated 26 January 1990, Judge Hey dismissed the suit without prejudice for improper venue.

On 16 February 1990, the Rays and Morrises instituted a second suit in Kanawha County that was identical to the first suit except for the addition of "One Valley Bank Corporation, N.A." as a defendant.[1] A motion to dismiss the second suit for improper venue was again sought. Because of the system of assignment in Kanawha County, the motion to dismiss was heard by a motion judge, the Honorable Tod Kaufman, on 26 March 1990. Judge Kaufman denied the motion to dismiss as premature and indicated that additional information was needed to determine if the addition of the bank holding company as defendant made venue proper in Kanawha County. On 27 March 1990, the injunction motion was heard by the "priority" judge, Judge Hey. By order dated 28 March 1990, Judge Hey denied the motion for a preliminary injunction and dismissed the action.

The Rays and Morrises argue that venue for both actions is proper in the Circuit Court of Kanawha County, based on the presence in Kanawha County of the defendant corporations. In the first suit, the Rays and Morrises maintain that the defendant bank, a domestic corporation with its principal office in Nicholas County, is "doing business" in Kanawha County. In the second suit, the Rays and Morrises maintain that the new defendant, the bank holding corporation, has its principal office in Charleston and is liable for the acts of its subsidiary, the defendant bank.[2] Both these arguments fail because the injunction sought in Kanawha County directly affects the title to land located in Nicholas County, and therefore the action must be filed in Nicholas County. Because venue was improper in both suits, we hold that Judge Hey correctly dismissed them and there-

1. The record indicates that "One Valley Bank Corporation, N.A." is not a legal entity and the proper name for the corporation that owns the outstanding stock of One Valley Bank of Summersville is One Valley Bancorp of West Virginia.

2. The Rays and Morrises maintain that Judge Hey's order prevented them from developing specific details of the relationship and business dealings between the defendant corporations.

fore the rule to show cause in prohibition is discharged.[3]

## I

The general venue statute found in *W.Va. Code*, 56-1-1 [1986], provides in pertinent part:

(a) Any civil action or other proceeding, except where it is otherwise specifically provided, may hereafter be brought in the circuit of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is; or

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer [does] not reside therein, where it does business; or if it be a corporation organized under the laws of this state, which has its principal office located outside of this state, and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located shall have jurisdiction of all actions at law or suits in equity against such corporation, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management; or

(3) If it be to recover land or subject it to a debt, wherein such land or part thereof may be.

These venue provisions must be considered with *W.Va. Code*, 53-5-3 [1931], which provides:

Jurisdiction of a bill for an injunction to any judgment, act or proceeding shall, unless it be otherwise specially provided, be in the circuit court of the county in which the judgment is rendered, or the act or proceeding is to be done, or is doing, or is apprehended, and the same may be granted to a judgment of a justice in like manner and with like effect as to other judgments.

*W.Va. Code*, 53-5-4 [1931], creates a limited exception to *W.Va. Code*, 53-5-3 [1931], by allowing any judge of a circuit court to award an injunction, without consideration of the location of the matter to be enjoined or the residence of the defendants.[4] *W.Va. Code*, 53-5-7 [1931], requires that an injunction awarded under the provisions of *W.Va. Code*, 53-5-4 [1931], be directed to the clerk of court where the case is to be heard, and then that court is to conduct the proceeding as if the order had originated with them.[5]

The relationship among the statutory provisions providing for jurisdiction for injunctions concerning the title of real estate was explained in Syllabus Point 1, *Wayland Oil & Gas Co. v. Rummel*, 78 W.Va. 196, 88 S.E. 741 (1916):

By section 4, c. 133, Code 1913 (sec. 4950) [*W.Va. Code*, 53-5-3 [1931]], jurisdiction to award injunctive process is vested exclusively in the circuit court of the county wherein the act or proceeding sought

---

3. Because of our determination that the Circuit Court of Kanawha County properly dismissed the suits, we need not address the alleged procedural problems that concern the Master Calendar system adopted for the Thirteenth Judicial Circuit. The Rays and Morrises specifically question the consideration of the motions to dismiss for improper venue during the preliminary injunction hearings. However, before granting a preliminary injunction, the circuit court must first determine whether venue is proper. Judge Hey determined the venue issue in each case first, obviating any consideration of the preliminary injunctions.

4. *W.Va. Code*, 53-5-4 [1931], provides:

Every judge of a circuit court shall have general jurisdiction in awarding injunctions, whether the judgment or proceeding enjoined be in or out of his circuit, or the party against whose proceeding the injunction be asked reside in or out of the same.

5. *W.Va. Code*, 53-5-7 [1931], provides:

Every order awarding an injunction by a court or judge other than the court or judge in which or before whom it is to be heard shall be directed to the clerk of the court in which it is to be heard.

to be enjoined is to be done, or is doing, or is apprehended, notwithstanding some of the defendants may reside in another county, except as provided in sections 6 and 9 of the same chapter (secs. 4952, 4955) [*W.Va. Code*, 53–5–4, 53–5–7 [1931]], and where a co-ordinate court has jurisdiction on grounds other than the award of such injunction.

*See Downs v. Lazzelle*, 102 W.Va. 663, 672, 136 S.E. 195, 198 (1926) ("jurisdiction given by said section 4 [*W.Va. Code*, 53–5–3 [1931]] is exclusive except in those cases mentioned in sections 6 and 9 of that chapter [*W.Va. Code*, 53–5–4, –7 [1931]]"); *Patton v. Eicher*, 85 W.Va. 465, 102 S.E. 124 (1920); *First National Bank of Webster Springs v. McGraw*, 87 W.Va. 74, 104 S.E. 296 (1920); *Webber v. Offhaus*, 135 W.Va. 138, 62 S.E.2d 690 (1950).

Because only the circuit court of the county where the land is located has jurisdiction to consider a case directly affecting the land, we concluded in *Wayland Oil* that the denial of the right of other circuits to consider cases affecting title of land not located in their circuit was "within the spirit, if not the express terms, of clause 3, § 1, c. 123, Code (sec. 4734) [*W.Va. Code*, 56–1–1(a)(3) [1986]], when read in connection with section 4, c. 133 [*W.Va. Code*, 53–5–3 [1931]]." *Id.* 78 W.Va. at 202, 88 S.E. at 743; *Baird–Gatzmer Corporation v. Henry Clay Coal Mining Co.*, 131 W.Va. 793, 806, 50 S.E.2d 673, 681 (1948) ("The situs of the land involved determines the venue of such a [cloud-on-title] suit"). In *Central Trust Co. v. Feamster*, 123 W.Va. 250, 255, 14 S.E.2d 619, 622 (1941), we held:

> This Court has uniformly construed this statute [*W.Va. Code*, 56–1–1] to require the suits regarding the title to real estate to be brought in the county in which the real estate is situated.

*Wayland Oil, supra*, is factually similar to the present case because both concern an injunction directly affecting land in another county. Wayland Oil sought a writ of prohibition against Rummel, a judge in Kanawha County, who had enjoined Wayland Oil from doing certain acts on land in Lincoln County contrary to the other party's title. In granting the writ to restrain the further consideration of the suit by the Kanawha County court, we held:

> The award of an injunction by the common pleas court of Kanawha county, wherein some of the defendants reside, to enjoin acts and proceedings being committed and prosecuted or threatened in Lincoln county and affecting real estate therein, is coram non judice and void; and prohibition lies to restrain further maintenance or cognizance of the suit.

Syllabus Point 2, *Wayland Oil, supra*.

The roots of our holding in *Wayland Oil* can be found in the common law that classified actions as either local or transitory. Actions relating to the title to or the possession of land were considered local, because the cause of action could only arise in one place, the location of the land. The presence of the land or *res* within the territorial jurisdiction of the court of a county vested the court of that county with *in rem* jurisdiction. *Birch v. Covert*, 83 W.Va. 752, 99 S.E. 92 (1919) (County court has the power to appoint a commissioner to convey full legal and equitable title to land located within the county); *see generally*, 21 *C.J.S.* Courts §§ 38 to 49 and 84 [1940].

We have long held that only the county court where the land is located has jurisdiction to consider suits that directly affect the land or its title. In *Lawrence v. DuBois*, 16 W.Va. 443 (1880), we held that a suit to determine whether a deed was also a mortgage could be brought in the county where the grantee resided rather than where the land was located, because the decree would affect the person of the defendant. If the decree or judgment were to affect the land directly, then "the court has no jurisdiction, except where the land lies." *Id.* at 456. In Syllabus Point 3, *Tennant's Heirs v. Fretts*, 67 W.Va. 569, 68 S.E. 387 (1910), we held:

> A suit to remove cloud and quiet title is local in its nature, and the jurisdiction of the court is determined by the situs of the land.

We concluded that the court of the county where the land was situated had jurisdiction, and "[t]he suit could not have been

brought in any other county." *Id.* at 573, 68 S.E. at 389.

In *McConaughey v. Bennett's Ex'rs*, 50 W.Va. 172, 40 S.E. 540 (1901), we held that a suit to recover money for breach of the covenant of warranty does not directly affect the land or its title, and therefore the suit could be brought in a county "wherein any of the defendants may reside." *Id.* 50 W.Va. at 179, 40 S.E. at 543. In *Life v. Rugged State Development Co.*, 107 W.Va. 33, 35, 147 S.E. 31, 32 (1929), we refused to require the suit to be brought in the county where the land was located, because this suit, which sought an accounting of oil and gas leases, had "no issue of title to real estate involved."

However, one case, *Rader v. Adamson*, 37 W.Va. 582, 16 S.E. 808 (1893), allowed the Jackson County court, where one of the defendants resided, to direct the sale of land located in Roane County. *Rader* considered only the venue provisions of "Code, c. 123, S. 1 [*W.Va. Code*, 56–1–1 [1986]]" and did not consider any other statutory provision. *Id.* 37 W.Va. at 595, 16 S.E. at 812. We have criticized *Rader*'s construction of the venue provisions as "without due discrimination." *Wayland Oil, supra*, 78 W.Va. at 202, 88 S.E. at 744. In *Wirgman v. Provident Life & Trust Co.*, 79 W.Va. 562, 565, 92 S.E. 415, 416 (1917), we again criticized *Rader*'s holding: "Whether it is well founded, it is not now necessary to say." The interpretation of the venue provisions adopted in *Rader* fails to consider the statutory limitations concerning jurisdiction found in *W.Va. Code*, 53–5–3 [1931], which "evince a legislative intendment to place a limitation upon the scope of the power of such other courts to deal with lands situate in remote counties of the state." *Wayland Oil, supra*, 78 W.Va. at 202, 88 S.E. at 743. To the extent *Rader* indicates that venue for an action directly affecting land or its title may be based on the residence of the defendant rather than the location of the land, it is overruled.

In the present case the Rays and Morrises seek an injunction from the Circuit Court of Kanawha County to stop the sale of the land located in Nicholas County. However, the Circuit Court of Kanawha County lacks jurisdiction, because under *W.Va. Code*, 53–5–3 [1931], only the Circuit Court of Nicholas County has jurisdiction to consider this case directly affecting the title to land located in Nicholas County. Venue for the present case is proper in Nicholas County, under *W.Va. Code*, 56–1–1(a)(3) [1986]. Therefore, Judge Hey's dismissal of both cases in Kanawha County was proper.

For the foregoing reasons, it is ordered that the rule to show cause in prohibition heretofore issued be and the same hereby is discharged.

*Writ Denied.*

Justice McHUGH and Justice MILLER.

MILLER, Justice, dissenting:

By casting the main issue in this case in a false light, i.e., that it involves an action to clear title to land, the majority arrives at the predictable conclusion that suit must be brought in the county where the land is located. The central issue is not a title dispute; rather, the controversy involves an alleged breach of contract, a breach of the duty of good faith and fair dealing, and fraudulent misrepresentation. Further factual development illustrates how the majority has misconstrued the facts to support the result it has reached.

I.

According to the pleadings, petitioners Everett W. Ray and Lennie C. Ray own real property in Nicholas County, West Virginia. Petitioner Kathryn H. Morris is the Rays' daughter. Mrs. Morris and her husband, Ralph C. Morris, live in a house located on her parents' property. The respondent, One Valley Bank of Summersville (the Bank), is located in Nicholas County. The Bank is one of several West Virginia banks owned by One Valley Bank Corporation, N.A., a holding company headquartered in Kanawha County.

On March 30, 1987, the Morrises borrowed $60,000 from the Bank. The loan was secured by a deed of trust which en-

cumbered the Rays' property in Nicholas County. In April, 1989, an individual approached the Rays about purchasing a portion of the Nicholas County property. Because the real estate was encumbered, Ralph Morris spoke to the vice president of the Bank about the proposed sale. The vice president assured Mr. Morris that the sale was acceptable to the Bank and that the proceeds of the sale would be applied to extinguish a portion of the $60,000 loan. This information was given to the Rays who then sold the parcel and gave the $10,000 proceeds to the Bank.

Instead of applying the purchase money to the $60,000 loan, the Bank used it to extinguish two unsecured personal loans previously made to Mr. Morris. Although the petitioners protested the Bank's action, the Bank refused to honor its original agreement. On December 18, 1989, the Bank notified the Rays that Mr. and Mrs. Morris had defaulted on the $60,000 note and that the Bank, therefore, planned to sell the remainder of the Rays' Nicholas County property at a foreclosure sale on January 23, 1990. On appeal, the petitioners contend that the Morrises would not have defaulted on the $60,000 note had the Bank complied with the original agreement.

This action was filed to obtain a declaratory judgment as to whether the Bank was required to apply the proceeds from the sale of property to the note secured by the deed of trust. Suit was not instituted to clear title to the property. To preserve the status quo while the suit was pending, the petitioners requested a preliminary injunction prohibiting the Bank from selling the property under the deed of trust.

Because the parties do not dispute title to the property, the venue exception relied upon by the majority, W.Va. Code, 56–1–1(a)(1) (1986), is inapplicable. This provision applies to "an action of ejectment or unlawful detainer [which] must be brought in the county wherein the land sought to be recovered ... is [located.]" [1] Ejectment and detainer are actions designed to resolve competing claims to possession or title of real property. Both of these actions are statutorily defined and carry specific venue provisions requiring that they be brought in the county where the disputed property is located. *See* W.Va. Code, 55–3–1 (1923) (unlawful entry and detainer); W.Va. Code, 55–4–2 (1923) (ejectment).[2]

This action does not even arguably resemble ejectment, unlawful entry, or detainer. This case is precisely what we described in Syllabus Point 1 of *McGraw v. Morgan*, 85 W.Va. 257, 101 S.E. 463 (1919):

> "Before a sale under a deed of trust to secure the payment of money may properly be had, the amount of the debt secured should be definitely ascertained, and if the trustee refuses or fails to discharge his duty in this respect, any party likely to suffer loss and injury by his default may apply to a court of equity for appropriate relief."

Several of the cases cited by the majority recognize that where a suit does not directly involve title or possession to realty, it may be brought in the county where the defendants reside. Indirect effects on realty do not disturb this general rule. *McConaughey v. Bennett's Ex'rs*, 50 W.Va. 172, 40 S.E. 540 (1901) (suit to recover damages for breach of covenant of general warranty); *Life v. Rugged State Dev. Co.*, 107 W.Va. 33, 147 S.E. 31 (1929) (suit for an accounting of money due under an oil and gas lease).

---

1. The complete text of W.Va. Code, 56–1–1(a)(1), is:

> "(a) Any civil action or other proceeding, except where it is otherwise specifically provided, may hereafter be brought in the circuit of any county:
>
> "(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is[.]"

2. In an action for unlawful entry and detainer, the right to possession is at issue. On the other hand, in ejectment, title or ownership is the chief issue. *See Feder v. Hager*, 64 W.Va. 452, 63 S.E. 285 (1908); *Witten v. St. Clair*, 27 W.Va. 762 (1886). *See generally* B. Perrone, *West Virginia's New Summary Eviction Proceedings: New Questions for An Old Answer*, 87 W.Va.L. Rev. 359 (1985) (discussing historical development of proceedings for possession of real property and analyzing new summary eviction statutes, W.Va. Code, 55–3A–1, *et seq.*).

Even more pertinent is *Lawrence v. Du-Bois,* 16 W.Va. 443 (1880), where we considered a suit to declare a deed which was absolute on its face to be a mortgage. Such a suit affects title because the grantee of the deed would not be the absolute owner if the deed were determined to be a mortgage. Nonetheless, we held in Syllabus Point 3 that the suit need not be brought in the county where the land was located:

"A suit by the grantor in a deed absolute on its face, to have it declared and held to be a mortgage, may be brought in the county where the grantee resides, though the land lies in another county."

After citing several cases, we went on to amplify the reason for this holding:

"[W]hen the decree or judgment is to affect the lands directly, as in an action of ejectment or a suit in this State to divide a tract of land in another State, the court has no jurisdiction, except where the land lies. But if the decree is to affect the person of the defendant, the court where the defendant resides has jurisdiction, no matter where the land lies. For in one case the court could not enforce its judgment or decree, but in the other it could be completely enforced, even if the land lay in a foreign jurisdiction." 16 W.Va. at 456.

This case similarly does not involve title or possession, but rather involves the proper application of a payment made to the Bank from a sale of part of the mortgaged property. The majority has simply failed to understand the teaching of our precedents.[3]

## II.

Equally flawed is the majority's conclusion as to the collateral request for injunctive relief. The majority cites W.Va. Code, 53–5–3 (1923), which provides that "a bill for an injunction to any judgment, act or proceeding shall, unless it be otherwise

specifically provided, be in the circuit court of the county in which the judgment is rendered, or the act or proceeding is to be done, or is doing, or is apprehended...." Without any analysis or citation of authority and relying on this section, the majority states "the Circuit Court of Kanawha County lacks jurisdiction, because under W.Va. Code, 53–5–3 (1931), only the Circuit Court of Nicholas County has jurisdiction to consider this case...." 183 W.Va. at 525, 396 S.E.2d at 706.

The majority ignores our cases under this section that have held this jurisdictional requirement applies only to pure bills for injunction, that is, where the entire relief sought is injunctive. Where, as here, the injunctive relief is ancillary to the main cause of action for an accounting and proper credit of the monies paid to a bank, W.Va. Code, 53–5–3, is not controlling.

We addressed this point in *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979), where a class action was filed in the Circuit Court of Kanawha County for a declaratory judgment that a water diversion contract between governmental entities was illegal and void. The plaintiffs in their suit also requested a temporary injunction to stop the diversion during the pendency of the action. The circuit court concluded that because the spring was located in Grant County, it had no authority to grant injunctive relief. We reversed, stating in Syllabus Point 3:

"W.Va. Code, 53–5–3 has been held to be applicable only where an injunction is the exclusive relief sought, and not where injunctive relief is merely ancillary to the primary claim advanced in the case. *Lewis, Hubbard & Co. v. Pugh,* 115 W.Va. 232, 174 S.E. 880 (1934); *State v. Fredlock,* 52 W.Va. 232, 43 S.E. 153 (1902)."

*Lewis, Hubbard & Co. v. Pugh,* 115 W.Va. 232, 174 S.E. 880 (1934), which is

---

3. Our law in this area is not unique. Other courts have also recognized that where the action only indirectly affects real property, the suit may be brought in the county where the defendant resides. *See Ponderosa Sky Ranch v. Okay Improvement Corp.,* 22 Cal.Rptr. 90, 204

Cal.App.2d 227 (1962); *Hawkins v. Pierotti,* 232 Ga. 631, 208 S.E.2d 452 (1974); *Oestreich v. Ocean Shores Estates, Inc.,* 83 Wash.2d 143, 516 P.2d 507 (1973). *See generally,* 77 Am.Jur.2d *Venue* § 11 (1975 and Supp. 1990).

also on point, was an equity suit in Fayette County to collect a decretal judgment against a coal company arising from certain promissory notes. In the interim, the company issued two notes, payable to two of its officers, both of which were eventually endorsed to Mr. Pugh, the company's treasurer. Mr. Pugh brought suit on the notes in Kanawha County. Thereafter, Lewis, Hubbard & Company filed another suit in Fayette County to have the notes declared void and to enjoin Mr. Pugh from proceeding in the Kanawha County court action. The Circuit Court of Fayette County granted all of the requested relief. On appeal, Mr. Pugh contended that the Fayette County Circuit Court had no jurisdiction under W.Va. Code, 53–5–3 (1923), to enter the injunction. In rejecting this claim, we stated:

> "The point is not well taken, because the said statute has been construed to apply only to bills of injunction and not to proceedings wherein an injunction is merely ancillary or incidental to the primary purposes of the bill. *State v. Fredlock*, 52 W.Va. 232, 43 S.E. 153. That case also lays emphasis on the fact, proper to be noted here, that an injunction, issuing from one court, to stay proceedings in another, operates upon the parties only, and does not encroach on the jurisdiction of such other court." 115 W.Va. at 234–235, 174 S.E. at 881–882.

*See also Lockard v. Wiseman*, 139 W.Va. 306, 80 S.E.2d 427 (1954).

The majority has wandered far afield from these accepted legal principles. Its erroneous and cramped view of our venue statute serves no useful public purpose.

For these reasons, I dissent.

I am authorized to state that Justice McHUGH joins me in this dissent.